PHILLIP A. TALBERT
United States Attorney
ALYSON A. BERG
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS, <br><br>    Plaintiff, <br><br> v. <br><br> OFFICER BAKER; WARDEN PAUL COPENHAVER; OFFICER BORJA; ASS. WARDEN SNYDER, <br><br>    Defendants. | 1:16-cv-001540 DAD-MJS <br><br> **EX PARTE APPLICATION FOR EXTENSION OF SCHEDULING ORDER DATES; ORDER** |

Defendant Christopher Baker requests to modify the scheduling order to allow for additional time to conduct focused discovery and take the deposition of Plaintiff Shannon Williams ("Plaintiff"), a prisoner proceeding *pro se* regarding conduct while imprisoned at United States Penitentiary Atwater, based on the pending motion for summary adjudication that may eliminate one of the two causes of action. Defendant acted diligently in filing his dispositive motion and good cause exists for approximately a ninety-day continuance of the current scheduling dates to allow additional time for a ruling on the motion.

### GOOD CAUSE EXISTS TO CONTINUE THE SCHEDULING ORDER DATES BASED ON THE PENDING DISPOSITIVE MOTION

Modification of a scheduling order requires a showing of good cause and due diligence. Fed. R. Civ. Proc. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To

establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. *Id.* The court may also consider the prejudice to the party opposing the modification. *Id.*

This lawsuit is a *Bivens*[1] action filed by Williams, a federal inmate proceeding *pro* se, against former BOP Correctional Officer Christopher Baker, alleging a claim of excessive force and a separate claim for retaliation arising from an incident on October 13, 2014, at United States Penitentiary Atwater. ECF No. 12. On September 21, 2017, Defendant filed a potentially dispositive motion for summary adjudication on the claim for retaliation because Williams never filed an administrative grievance with the BOP alleging any purported retaliatory statements by Officer Baker. ECF No. 30. The briefing on this motion was completed on November 20, 2017. ECF Nos. 31, 34.

Meanwhile, after Defendant answered the Complaint, a Scheduling Order was issued setting the dates of September 28, 2017 for an exhaustion motion, February 28, 2018 as the discovery deadline and May 7, 2018 for the dispositive motion filing deadline. ECF No. 27. In furtherance of the Order, Defendant filed his exhaustion motion before the deadline, and is now awaiting a ruling that could eliminate one of the two causes of action. ECF No. 30. Should the lawsuit be reduced to one cause of action, this will narrow the written discovery as well as the areas to cover in Williams' deposition. Accordingly, the parties resources are conserved by extending the current deadlines approximately ninety-days to May 7, 2018, for completing discovery and the dispositive motion filing deadline to August 14, 2018, to allow for a ruling on the motion that can potentially remove one of the causes of action.

Significantly, although the deadline for filing dispositive motions is May 7, 2018, with a discovery deadline of February 28, 2018, Defendant is acting diligently in seeking the extension almost two months before the discovery deadline to provide adequate notice to the Court and Williams.[2] No prejudice, moreover, will be suffered by this extension of approximately ninety-days for the discovery

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

[2] In an abundance of caution, Defendant will notice the deposition of Williams for February 2018 in compliance with the Court's earlier order.

and dispositive motion deadlines as the operative pleading was only recognized as of May 5, 2017, and no trial date has been set in this action.[3] ECF No. 23. If judgment is entered for Defendant on the retaliation claim, this will obviate the need for the written discovery and questions at the deposition of Williams on this claim. *See United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (court's inherent power to control its docket).[4] Accordingly, for good cause showing, including the saving of time and resources in allowing additional time for a ruling on the pending motion for summary adjudication, Defendant requests the discovery and dispositive motion filing deadlines be extended approximately ninety-days.

Respectfully submitted,

Dated: December 22, 2017  PHILLIP A. TALBERT
United States Attorney

By: /s/Alyson A. Berg
ALYSON A. BERG
Assistant U.S. Attorney
Attorneys for Defendant

## ORDER

For good cause showing, the discovery deadline is now continued to May 7, 2018, and the dispositive motion filing deadline to August 14, 2018.

IT IS SO ORDERED.

Dated: December 29, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

---

[3] Williams is serving a 480-month aggregate sentence for one count of conspiracy to distribute and possession with intent to distribute marijuana in violation of 21 U.S.C. § 846 and one count of money laundering in violation of 18 U.S.C. § 1956(h). He is eligible for release for good time conduct on April 16, 2044.

[4] In an abundance of caution, Defendant will notice the deposition of Plaintiff for February 2018 in compliance with the Court's earlier order. .