1  McGREGOR W. SCOTT
   United States Attorney
2  ALYSON A. BERG
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, California  93721
4  Telephone:  (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Defendant Christopher Baker

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  SHANNON WILLIAMS,                    )   1:16-cv-001540 DAD-MJS
                                         )
12              Plaintiff,               )   **EX PARTE APPLICATION FOR**
                                         )   **EXTENSION OF DATES; ORDER**
13  v.                                   )
                                         )
14  OFFICER BAKER; WARDEN PAUL           )
    COPENHAVER; OFFICER BORJA; ASS.      )
15  WARDEN SNYDER,                       )
                                         )
16              Defendants.              )
                                         )
17  ─────────────────────────────────── )

18      Defendant Christopher Baker requests to further modify the discovery and dispositive motion

19  dates to allow for additional time to conduct focused discovery and take the deposition of Plaintiff

20  Shannon Williams ("Plaintiff"), a prisoner proceeding *pro se* regarding conduct while imprisoned at

21  United States Penitentiary Atwater, based on the pending motion for summary adjudication that may

22  eliminate one of the two causes of action.  Defendant acted diligently in filing his dispositive motion and

23  good cause exists for approximately a ninety-day continuance of the current discovery and dispositive

24  motion filing dates to allow additional time for a ruling on the motion.

25              **GOOD CAUSE EXISTS TO CONTINUE THE DATES**
                **BASED ON THE PENDING DISPOSITIVE MOTION**
26

27      Modification of a scheduling order requires a showing of good cause and due diligence.  Fed. R.

28  Civ. Proc. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  To

─────────────────────────────────────────────────────────────────────────

establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. *Id.* The court may also consider the prejudice to the party opposing the modification. *Id.*

This lawsuit is a *Bivens*[1] action filed by Williams, a federal inmate proceeding *pro* se, against former BOP Correctional Officer Christopher Baker, alleging a claim of excessive force and a separate claim for retaliation arising from an incident on October 13, 2014, at United States Penitentiary Atwater. ECF No. 12. On September 21, 2017, Defendant filed a potentially dispositive motion for summary adjudication on the claim for retaliation because Williams never filed an administrative grievance with the BOP alleging any purported retaliatory statements by Officer Baker. ECF No. 30. The briefing on this motion was completed on November 20, 2017.[2] ECF Nos. 31, 34. Findings and Recommendations were issued on February 28, 2018. ECF No. 38. Defendant Baker filed his response to the Findings and Recommendations on March 14, 2018. ECF No. 39. The deadline for Williams to respond to Defendant Baker's response expired on March 28, 2018, without any filing by Williams. ECF No. 38. Currently, the matter is under submission and it is anticipated that after further Findings and Recommendations are issued, the parties will evaluate the need to respond before the Findings and Recommendations are sent to the District Judge for a final ruling. Accordingly, the current discovery deadline of May 7, 2018, may expire prior to a final ruling on Defendant's motion for summary adjudication of the retaliation claim for failure to exhaust.

After a ruling is made that could eliminate one of Williams' two causes of action, this will narrow the written discovery as well as the areas to cover in Williams' deposition. Accordingly, the parties resources are conserved by extending the current deadlines approximately ninety-days to August 6, 2018, for completing discovery and the dispositive motion filing deadline to November 19, 2018, to allow for a ruling on the motion that can potentially remove one of the causes of action. *See United*

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

[2] After Defendant answered the Complaint, a Scheduling Order was issued setting the dates of September 28, 2017 for an exhaustion motion, February 28, 2018 as the discovery deadline and May 7, 2018 for the dispositive motion filing deadline. ECF No. 27.

*States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (court's inherent power to control its docket).[3]

Additionally, no prejudice will be suffered by this extension of approximately ninety-days for the discovery and dispositive motion deadlines as the operative pleading was only recognized as of May 5, 2017, and no trial date has been set in this action.[4]  ECF No. 23.

Accordingly, for good cause showing, including the saving of time and resources in allowing additional time for a ruling on the pending motion for summary adjudication, Defendant requests the discovery and dispositive motion filing deadlines be extended approximately ninety-days.

Respectfully submitted,

Dated: April 5, 2018

McGREGOR W. SCOTT
United States Attorney

By:    /s/Alyson A. Berg
       ALYSON A. BERG
       Assistant U.S. Attorney
       Attorneys for Defendant

**PROPOSED ORDER**

For good cause showing, the discovery deadline is now continued to August 6, 2018, and the dispositive motion filing deadline to November 19, 2018.

IT IS SO ORDERED.

Dated:  __April 6, 2018__

_/s/ Michael J. Seng_
UNITED STATES MAGISTRATE JUDGE

---

[3]  In an abundance of caution, Defendant noticed the deposition of Plaintiff for May 3, 2018 in compliance with the Court's current order. .

[4]  Williams is serving a 480-month aggregate sentence for one count of conspiracy to distribute and possession with intent to distribute marijuana in violation of 21 U.S.C. § 846 and one count of money laundering in violation of 18 U.S.C. § 1956(h).  He is eligible for release for good time conduct on April 16, 2044.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28