UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER BAKER,<br><br>    Defendant. | No. 1:16-cv-01540-DAD-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. Nos. 30, 38) |

Plaintiff is a federal prisoner proceeding *pro se* in this civil rights action pursuant to *Bivens vs. Six Unknown Agents*, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 21, 2017, defendant Baker moved for summary judgment on plaintiff's claim of retaliation, contending that plaintiff failed to exhaust his administrative remedies before filing suit. (Doc. No. 30.) On February 28, 2018, the then-assigned magistrate judge issued findings and recommendations, recommending that defendant's motion be denied. (Doc. No. 38.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. (*Id.* at 15.) On March 14, 2018, defendant filed objections, labeled as a response to the findings and recommendations.

1

(Doc. No. 39.)  No other objections have been filed and plaintiff did not respond to defendant's objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendant's objections, the undersigned will adopt the findings and recommendations in part.

Having reviewed defendant's objections, the court finds that the February 28, 2018 findings and recommendation were supported by the record as it existed at the time the findings and recommendation were issued.  The then–assigned magistrate judge recommended that defendant's motion for summary judgment be denied, finding that although plaintiff's Administrative Remedy Request No. 802835 failed to exhaust his administrative remedies with respect to his First Amendment retaliation claim, defendant had failed to demonstrate that plaintiff's Administrative Remedy Request No. 801695 also failed to do so.  (Doc. No. 38.)  However, in his objections, defendant has now provided additional evidence regarding Administrative Remedy Request No. 801695.  In light of this evidence, the court will decline to adopt the findings and recommendation in this regard, and also declines to adopt the recommendation that defendant's motion for summary judgment on exhaustion grounds be denied.  The court will adopt the remaining findings regarding plaintiff's other efforts to exhaust his administrative remedies prior to filing suit, since those findings remain supported by the record and by proper analysis.

The magistrate judge recommended that defendant's motion for summary judgment be denied because defendant did not meet his burden of proving that plaintiff had not exhausted his available administrative remedies.  In particular, defendant initially provided no evidence regarding plaintiff's Administrative Remedy Request No. 801695, and thus no evidence suggesting that grievance did not exhaust plaintiff's administrative remedies with respect to his retaliation claim.  (Doc. No. 38 at 12.)  However, defendant has now presented plaintiff's Administrative Remedy Request No. 801695, which on its face makes clear that it did not relate to plaintiff's retaliation claim against defendant Baker but rather complained of a September 14, 2014 incident in which a different correctional officer allegedly used excessive force against

plaintiff and made comments suggesting that force was imposed in retaliation for plaintiff filing inmate appeals. (*See* Doc. No. 39-2 at ¶¶ 4–6, Ex. 1 at 5-8.) In light of this evidence it cannot be disputed that plaintiff's Administrative Remedy Request No. 801695 failed to exhaust plaintiff's available administrative remedies on his retaliation claim against defendant Baker since that grievance had nothing to do with Baker. Accordingly, defendant met his burden of showing that plaintiff did not exhaust his available administrative remedies prior to filing suit.

Because defendant has met his initial burden, the burden shifts to plaintiff to come forward with evidence that the existing administrative remedies effectively unavailable to him. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). Since the magistrate judge did not address this issue, the court will review the evidence provided by plaintiff *de novo* to determine if plaintiff has met this burden.

Plaintiff argues that remedies were effectively unavailable, because he was afraid to submit grievances. (Doc. No. 31.) Prison officials' threats of retaliation can render administrative remedies effectively unavailable such that a prisoner need not exhaust them. *See McBride v. Lopez*, 807 F.3d 982, 984 (9th Cir. 2015). In *McBride*, the Ninth Circuit adopted a two-part test with a subjective component and an objective component. To show that a threat rendered the prison grievance system unavailable, a prisoner must (1) provide a basis for the court to find that he subjectively believed prison officials would retaliate against him if he filed a grievance; and (2) objectively demonstrate that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance. *Id.* at 987-88.

Here, the bulk of plaintiff's arguments regarding threats relate to an alleged assault by correctional staff Lieutenant Hayes, who is not a defendant in this action, that occurred in September 2014. (Doc. No. 31 at 1–3, 13–15.) Plaintiff alleges that Lieutenant Hayes assaulted plaintiff because he filed grievances against other correctional staff and that defendant Baker facilitated this assault by directing plaintiff to the area where Hayes was waiting for plaintiff. (Doc. No. 31 at 2, 14.) Plaintiff alleges that after this assault defendant told plaintiff that "it was not a good idea to write up" staff members. (Doc. No. 31 at 2.) Plaintiff alleges that he informed correctional staff and filed an inmate grievance regarding this incident, but plaintiff was not

| | |
|---|---|
| 1 | placed in protective custody. (Doc. No. 31 at 2, 14.) Plaintiff additionally alleges that he made |
| 2 | numerous grievances and verbal complaints throughout 2015 and 2016, but that nothing was done |
| 3 | about the retaliation. (Doc. No. 31 at 3.) |

However, despite the alleged statement by defendant Baker that "it was not a good idea to write up" staff members (*id.* at 2), plaintiff has failed to show "that he was actually deterred from filing a grievance by the guards' threats." *McBride*, 807 F.3d at 988. Plaintiff acknowledges that despite the alleged retaliatory statements, he filed two Administrative Remedy Requests regarding the October 2014 incident. The fact that plaintiff pursued numerous inmate appeals and verbal claims does not support a finding that the alleged retaliatory statements served to make the administrative remedy process effectively unavailable to plaintiff. *See Avery v. Virga*, No. 2:11-cv-1945-KJM-EFB, 2016 WL 3548799, at *10 (E.D. Cal. June 24, 2016) (finding that plaintiff did not subjectively believe that prison officials would retaliate against him because "plaintiff pursued numerous appeals against defendants and prison officials"), *report and recommendation adopted*, 2016 WL 4441214 (E.D. Cal. Aug. 22, 2016); *Hogue v. Ada County*, No. 1:13-CV-00100-CWD, 2016 WL 1313458, at *16 (D. Idaho Mar. 31, 2016) ("While threatened harm by a correctional officer might deter a reasonable prisoner from filing a grievance, the record does not support a finding that Hogue was actually deterred from filing a grievance."); *Goldsby v. Kaschmitter*, No. 1:14-CV-00032-REB, 2016 WL 1367737, at *6 (D. Idaho Apr. 6, 2016) ("[Plaintiff's] multiple concern forms foreclose any argument that he was actually deterred from pursuing a grievance."), *aff'd*, 712 Fed. App'x 701 (9th Cir. 2018); *Jamison v. Baillie*, No. 2:10-cv-124-KJM-EFB, 2016 WL 775746, at *4 (E.D. Cal. Feb. 29, 2016) (holding that plaintiff's filing of an inmate appeal just days after the purported threats came from defendants was a sufficient basis upon which to find that plaintiff was not actually deterred). Because the court finds that plaintiff was not actually deterred from filing inmate grievances, the court need go no further in its analysis. The evidence before the court on summary judgment demonstrates that plaintiff failed to exhaust all available administrative remedies prior to pursuing his retaliation claim against defendant Baker.

/////

4

For these reasons,

1. The findings and recommendations issued on February 28, 2018 (Doc. No. 38) are adopted in part, as discussed above;
2. Defendant's motion for summary judgment (Doc. No. 30) is granted; and
3. This action now proceeds on plaintiff's claim against defendant Baker for excessive force in violation of the Eighth Amendment.

IT IS SO ORDERED.

Dated: **September 25, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE