1  McGREGOR W. SCOTT
   United States Attorney
2  ALYSON A. BERG
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, California  93721
4  Telephone:  (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Defendant Christopher Baker

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANNON WILLIAMS, | 1:16-cv-001540 DAD-JDP |
| Plaintiff, | **EX PARTE APPLICATION FOR EXTENSION OF DISOVERY DEADLINE; ORDER** |
| v. | |
| OFFICER BAKER; WARDEN PAUL COPENHAVER; OFFICER BORJA; ASS. WARDEN SNYDER, | |
| Defendants. | |

Defendant Christopher Baker requests to extend the discovery deadline to allow for a ruling on the pending dispositive motion as to Plaintiff Shannon Williams' excessive force claim.  Defendant acted diligently in filing his dispositive motion and good cause exists for approximately a ninety-day continuance of the discovery deadline to allow for a ruling on the motion that may end the lawsuit.

**GOOD CAUSE EXISTS TO CONTINUE THE DISCOVERY DATE
BASED ON DEFENDANT'S PENDING DISPOSITIVE MOTION**

Modification of a scheduling order requires a showing of good cause and due diligence.  Fed. R. Civ. Proc. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  *Id.*  The court may also consider the prejudice to the party opposing the modification.  *Id.*

This lawsuit is a *Bivens*[1] action filed by Williams, a federal inmate proceeding *pro* se against former BOP Correctional Officer Christopher Baker, alleging a claim of excessive force and a separate claim for retaliation arising from an incident on October 13, 2014, at United States Penitentiary Atwater. ECF No. 12. The claim for retaliation was dismissed per order dated September 27, 2018. ECF No. 50. Defendant also filed a dispositive motion for summary adjudication on the claim of excessive force, which was only recently fully briefed, i.e., August 31, 2018, and is currently under submission. ECF Nos. 45-46, 49. It is anticipated that after Findings and Recommendations are issued, the parties will evaluate the need to respond before the Findings and Recommendations are sent to the District Judge for a final ruling. The current discovery deadline of December 4, 2018, therefore, may expire prior to a final ruling on Defendant's dispositive motion. Consequently, the parties' resources are conserved by extending the current discovery deadline approximately ninety days to March 4, 2019, to allow for a ruling on the motion that can potentially end this action. *See United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (court's inherent power to control its docket). Additionally, no prejudice will be suffered by this extension of approximately ninety days for the discovery deadline because no trial date has been set in this action.[2] ECF No. 23.

Accordingly, for good cause showing, including the saving of time and resources in allowing additional time for a ruling on the pending dispositive motion, Defendant requests the discovery deadline be extended approximately ninety-days.

Respectfully submitted,

Dated: October 12, 2018

McGREGOR W. SCOTT
United States Attorney

By: /s/Alyson A. Berg
ALYSON A. BERG
Assistant U.S. Attorney
Attorneys for Defendant

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

[2] Williams is serving a 480-month aggregate sentence for one count of conspiracy to distribute and possession with intent to distribute marijuana in violation of 21 U.S.C. § 846 and one count of money laundering in violation of 18 U.S.C. § 1956(h). He is eligible for release for good time conduct on April 16, 2044.

**ORDER**

The discovery deadline is continued to March 4, 2019.

IT IS SO ORDERED.

Dated: November 23, 2018

_____
UNITED STATES MAGISTRATE JUDGE