UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER BAKER,<br><br>　　　　Defendants. | No. 1:16-cv-01540-DAD-JDP<br><br>ORDER ADOPTING FINDINGS AND <u>RECOMMENDATIONS AND DENYING DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION OF PLAINTIFF'S EXCESSIVE FORCE CLAIM</u><br><br>(Doc. Nos. 45, 59) |

Plaintiff is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to *Bivens vs. Six Unknown Agents*, 403 U.S. 388 (1971). The matter was then referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 26, 2019, the assigned magistrate judge issued findings and recommendations, recommending that defendant's motion for summary adjudication of plaintiff's excessive use of force claim be denied. (Doc. No. 59.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days. Defendant Baker filed objections. (Doc. No. 60.)

/////

1

1 | In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has
2 | conducted a *de novo* review of the case. Having carefully reviewed the entire file, including
3 | defendant's objections, the undersigned concludes the findings and recommendations are
4 | supported by the record and proper analysis.

Defendant's objections raise two arguments. (Doc. No. 60.) First, defendant argues that Officer Borja, defendant, and plaintiff were obscured by the cell door for only two to three seconds and that no reasonable jury could find from the evidence that defendant injured plaintiff's arm during this time. (Id. at 2-4.) The court disagrees. As an initial matter, two to three seconds would be sufficient time for defendant to injure plaintiff's arm in the manner alleged by plaintiff. Moreover, the court has reviewed the video evidence before it on summary judgment and concludes that evidence suggests that the actions of defendant were obscured from view for much longer than two to three seconds; rather, the court perceives that defendant's actions were obscured as long as twelve seconds, from 11:27:36 to 11:27:48 on the videotape. Based upon the evidence before the court on summary judgment a material issue of fact is in dispute and, depending on how that dispute is resolved, a reasonable jury could find for plaintiff.

Second, defendant contends that the court should dismiss plaintiff's claim as an unwarranted extension of *Bivens* in light of the decision in *Ziglar v. Abbasi*, ___ U.S. ___, ___, 137 S. Ct. 1843, 1854 (2017). (Doc. No. 60 at 4–6.) Defendant concedes that this issue was not briefed in connection with the pending motion for summary judgment. (*Id.* at 6.) Arguments raised for the first time in objections to the findings and recommendations are waived. *See Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988) (stating that it was "entirely appropriate" for a district court to decline to consider arguments not raised before the magistrate judge), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992). Accordingly, the court expresses no opinion on this issue.[1]

---

[1] The Ninth Circuit has not yet addressed this question. While district courts are arguably divided regarding the application of *Ziglar,* motions to dismiss *Bivens* actions alleging Eighth Amendment excessive use of force claims in light of the Supreme Court's decision in that case have been rejected. *See Moneyham v. United States*, Case No. EDCV 17-329-VBF (KK), 2018 WL 3814586, at *3-5 (C.D. Cal. May 31, 2018), *report and recommendation adopted by* 2018 WL 3807839 (C.D. Cal. Aug. 6, 2018*); McLean v. Gutierrez*, No. ED CV 15-275 RGK (SP),

For these reasons,

1. The findings and recommendations issued on January 26, 2019 (Doc. No. 59) are adopted in full; and
2. Defendant's motion for summary adjudication of plaintiff's excessive force claim (Doc. No. 45) is denied.

IT IS SO ORDERED.

Dated: **March 25, 2019**

UNITED STATES DISTRICT JUDGE

---

2017 WL 6887309, at *18-19 (C.D. Cal. Sept. 28, 2017), *report and recommendation adopted by* 2018 WL 354604 (Jan. 10, 2108); *But see Thomas v. Matevousian*, 1:17-cv-01592-AWI-GSA, 2019 WL 266323, at *1-2 (E.D. Cal. Jan. 18, 2019) (Applying *Ziglar* in dismissing a plaintiff's conditions of confinement *Bivens* claim brought under the Eighth Amendment involving allegations that the plaintiff was denied deodorant, razors, shampoo, writing paper and envelops for forty days).