UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER BAKER,<br><br>　　　　Defendant. | Case No. 1:16-cv-01540-DAD-JDP<br><br>ORDER TO SUBMIT BRIEFING<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a federal prisoner proceeding without counsel in this civil rights action brought under *Bivens vs. Six Unknown Agents*, 403 U.S. 388 (1971). Plaintiff filed this action in 2016, ECF No. 1, and the court screened it under 28 U.S.C. § 1915A in January 2017, ECF No. 12. The court concluded that plaintiff stated claims for retaliation and excessive force. ECF No. 12. After motions practice, the action proceeds only on plaintiff's Eighth Amendment excessive force claim. ECF No. 50; ECF No. 61.

After plaintiff's complaint was screened, the Supreme Court decided *Ziglar v. Abbasi* and examined "the reach and the limits of [its] precedent" concerning "*Bivens* and the ensuing cases." 137 S. Ct. 1843, 1854 (2017). The Supreme Court stated that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," and that, if a plaintiff asks for a *Bivens* remedy in a new context, courts must engage in a special factors analysis. *Id.* at 1857-60 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). As a result of *Abbasi*, there is some question whether an Eighth

Amendment excessive force claim may be brought under *Bivens*. *See Thomas v. Matevousian*, No. 117CV01592AWIGSAPC, 2019 WL 266323, at *2 & n.1 (E.D. Cal. Jan. 18, 2019) (collecting cases that address prisoners' access to *Bivens* after *Abbasi*). The court identified this issue in its February 26, 2019 findings and recommendations but declined to address it, reasoning that the question was not then before the court. ECF No. 59 at 1 n.1.

We must now consider the question. Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, §§ 801-10, 110 Stat. 1321, amended § 1915 to require the district court to dismiss *in forma pauperis* prisoner civil rights suits if the court determines that the action does not state a claim upon which relief may be granted. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).). We thus must determine whether plaintiff's complaint states a claim on which relief may be granted in light of *Abbasi*. We will direct that the parties submit briefing on the question. Briefing should address (1) whether plaintiff's allegations present a "new *Bivens* context" and, (2) if so, "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing [this] damages action to proceed." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1858-59 (2017).

**ORDER**

Plaintiff must file briefing addressing this issue no later than thirty days after entry of this order. Defendant may file a response, which must be filed no later than ten days after plaintiff's filing. If defendant files a response, plaintiff may reply; such reply must be filed no later than ten days after defendant's response.

IT IS SO ORDERED.

Dated: May 14, 2019

UNITED STATES MAGISTRATE JUDGE

2

No. 203