UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS, | Case No. 1:16-cv-01540-DAD-JDP |
| Plaintiff, | ORDER ON RECRUITMENT OF COUNSEL |
| v. | ECF No. 66 |
| OFFICER BAKER, | |
| Defendant. | |

Plaintiff Shannon Williams is a federal prisoner proceeding without counsel and *in forma pauperis* in this civil rights action brought under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). On May 14, 2019, the court ordered plaintiff to address whether his remaining Eighth Amendment allegations in plaintiff's complaint state a claim upon which relief may be granted in light of *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). ECF No. 62. On August 13, 2019, plaintiff notified the court that he could not brief the *Ziglar* issue without access to legal materials, which he lacked while in a special or secure housing unit ("SHU"). ECF No. 64 at 1. On October 10, 2019, plaintiff requested appointment of counsel, stating that he remained in the SHU and still lacked access to certain legal materials. ECF No. 66.

We will attempt to recruit counsel for the limited purpose of briefing the *Ziglar* issue. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), and the court lacks the authority to require an attorney

to represent plaintiff, *see Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). But we can, and in this case will, request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1).

**ANALYSIS**

Without a means to compensate counsel, the court seeks volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, the court "must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998).

The viability of plaintiff's claim in light of *Ziglar* appears to be a close and undecided legal question. Plaintiff's only remaining claim in this litigation is an Eighth Amendment claim for excessive force, brought under the authority of *Bivens*. *See* ECF Nos. 23, 50. Plaintiff alleges that defendant Baker, while handcuffing plaintiff, planted plaintiff's arm on the ground and intentionally twisted it, causing severe injury. *See* ECF No. 12 at 3. *Ziglar* outlined a two-part test for determining when the *Bivens* remedy should be extended, which our circuit has characterized as follows: "First, courts must determine whether the plaintiff is seeking a *Bivens* remedy in a new context. If the answer to this question is 'no,' then no further analysis is required. If the answer is 'yes,' then the court must determine whether special factors counsel hesitation." *Lanuza v. Love*, 899 F.3d 1019, 1023 (9th Cir. 2018) (internal citations and quotation marks omitted). The Ninth Circuit has not yet determined how either step should apply to a case like plaintiff's, and courts appear to be grappling with similar issues as they struggle to apply the relevant Supreme Court precedent. *See Carlson v. Green*, 446 U.S. 14 (1980); *Luis Buenrostro v. Fajardo*, 770 F. App'x 807, 808 (9th Cir. 2019); *Jacobs v. Alam*, 915 F.3d 1028, 1038 (6th Cir. 2019); *Schwarz v. Meinberg*, 761 F. App'x 732, 734 (9th Cir. 2019); *Rodriguez v. Swartz*, 899 F.3d 719, 748 (9th Cir. 2018). These issues are complex, moreover, and the court agrees with plaintiff's own assessment that he will not be able to brief them adequately.

**ORDER**

Because the court has determined that this issue warrants counsel, we refer this case to Sujean Park, Pro Bono Director, to seek the voluntary assistance of counsel, for the limited purpose of seeking briefing on the proper application of *Ziglar v. Abassi*. If counsel is obtained, the court will determine a briefing schedule that includes the defendant.

IT IS SO ORDERED.

Dated: February 7, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 205.