UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| SHANNON WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER BAKER,<br><br>Defendant; | CASE NO: 1:16-CV-01540-DAD-HBK<br><br><br>CASE MANAGEMENT AND SCHEDULING ORDER |
|---|---|

The court telephonically conducted a case management and scheduling conference on April 1, 2021. Professor Carter White and two law students from King Hall Civil Rights Clinic at University of California, Davis Law, appeared on behalf of plaintiff. Attorney Benjamin Hall appeared on behalf of defendant. Following a review of the parties' Joint Report and the scheduling conference and after discussion with the parties, the court enters this Case Management and Scheduling Order for this action under Fed. R. Civ. P. 16(b) as follows:

1. **Deadlines and Dates**

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 4/15/2021 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 5/3/2021 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 11/3/2021 |
| Defendant's deadline for disclosing any expert report. | 11/3/2021 |
| Deadline for disclosing any rebuttal expert report. | 12/3/2021 |
| Expert discovery deadline | 1/17/2022 |

| | |
|---|---|
| Mid-Discovery Status Conference<br>*Before Magistrate Judge Barch-Kuchta* | 9/30/2021<br>**Report due-**<br>9/15/21 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37. | 10/13/2021 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 3/3/2022 |
| The parties will contact Chambers to schedule settlement conference or participate in mediation. *See* Local Rules 270, 271. | TBD |
| Deadline for filing the final joint pretrial statement, any motion *in limine*, proposed jury instructions, and verdict form. *See* Local Rule 281. (*Judge Drozd requires* **joint** *pretrial statements to be filed no later than seven days before final pretrial conference*.) | 8/5/2022 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); *See* Local Rule 280, 281, 282, 283.  Before Judge Drozd at 1:30 p.m. | 8/15/2022 |
| Month and year of the trial term. | TBD |

**2. Trial**

   The trial will last approximately 3-5 days and be:

   ☐ jury.

   ☒ non-jury.

**3. Current Status of Consent to the Magistrate Judge Jurisdiction**

   Under 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before a U.S. Magistrate Judge.

**4. Mid-discovery Status Conference**

   The court will hold a Mid-Discovery Status Conferences to address any discovery concerns that may arise during discovery without the need to file a formal motion.  The parties will file a Joint Mid-Discovery Status Report, up to five (5) pages in length, no later than September 15, 2020.  Alternatively, the parties may file a joint motion to cancel the **scheduled September 30, 2021** Mid-Discovery Conference in compliance with Magistrate Judge Barch-

Kuchta's procedures.

The Joint Report shall outline the status of the case, any additional discovery still planned, potential for settlement, and any other issues pending that would benefit from the Court's assistance/direction.  The parties shall file the Joint Report one week before the informal conference, and email a copy, in Word format, to hbkorders@caed.uscourts.gov.  Parties are appearing telephonically shall dial conference line at 1-888-204-5984 and entering Access Code 4446176.

**5. Pretrial Motion Schedule**

  *a. General Information Regarding Filing Motions*

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge Barch-Kuchta shall not exceed twenty-five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page limitations do not include exhibits.  Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the court.

Counsel, or *pro se* parties, may appear telephonically and argue non-dispositive motions before Magistrate Judge Barch-Kuchta by dialing the court's teleconference line at 1-888-204-5984 and entering Access Code 4446176, provided they indicate their intent to appear telephonically on their pleadings at least one week before the hearing.

  *b. Informal Discovery Conference prior to filing any motions to compel*

In order to file a discovery motion under Fed. R. Civ. P. 37, a party must receive permission from the court following an informal discovery conference.  An informal discovery conference is separate and apart from the Mid-Discovery Conference set forth above.

Please refer to the court's website, Magistrate Judge Barch-Kuchta's Practices and Procedures Civil Cases, included under the civil cases tab.  A party wishing to schedule such an informal discovery conference should contact chambers to receive available dates.  The court will schedule the conference as soon as possible, taking into consideration the urgency of the issue.  Before contacting the court, the parties must meet and confer by speaking with each other in a

person, over the telephone, or via video in attempt to resolve the dispute.

At least two (2) days prior to the conference, the parties shall simultaneously submit letters, outlining their respective positions regarding the dispute.  The court will provide the date the letters are due at the time the conference is scheduled.  Such letters shall be no longer than three (3) pages in length and may include up to five (5) pages of exhibits.  Letters shall be emailed to Magistrate Judge Barch-Kuchta's chambers a hbkorders@edca.uscourts.gov, and *not* filed with the Court.

### c. Pretrial motions' deadline and motions to compel following an informal discovery conference

All pre-trial motions, both dispositive and non-dispositive, shall be served <u>and filed</u> on or before May 20, 2022.  Magistrate Judge Barch-Kuchta will telephonically hear non-dispositive civil motions on the first and third Thursdays of the month at 10:00 a.m.  Before scheduling such motions, the parties shall comply with Local Rule 230 or Local Rule 251.

Following the informal discovery conference set forth above, the parties are additionally required to conduct at least one **telephonic or by video** as part of their obligations to meet and confer in good faith to resolve their discovery dispute prior to seeking judicial intervention.

If a party files a motion to compel under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement re Discovery Disagreement ("Joint Statement") in compliance with Local Rule 251.  Failure to comply with Local Rule 251 will result in the court denying the motion without prejudice and dropping the motion from calendar.  In addition to filing a Joint Statement electronically, a copy of the Joint Statement, in Word format, shall also be sent to Magistrate Judge Barch-Kuchta's chambers by email to hbkorders@caed.uscourts.gov.

### d. Motions for Summary Judgment or Summary Adjudication

Prior to filing a motion for summary judgment, or motion for summary adjudication, the parties are required to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where

a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above and set forth a statement of good cause for the failure to meet and confer.

**6. Mandatory Settlement Conference (Local Rule 270)**

The parties agree that a settlement conference may be beneficial after discovery. The parties will submit a joint settlement statement within one week of the close of discovery, and 90 days before trial, indicating whether they consent to a settlement conference at that time. If so, a settlement conference will be set by separate order. The parties are advised that unless otherwise permitted in advance by the court, the attorneys who will try the case shall appear at the settlement conference with the parties, as well as with the person or persons having full authority to negotiate and settle the case, on any terms, at the conference. ***The parties may contact Magistrate Judge Barch-Kuchta's chambers any time prior to this date if they wish to schedule a settlement conference earlier***.

**7. Pretrial Conference and Trial**

District Judge Drozd is currently reserving dates for Pre-trial Conferences, but not for Trials. In this case, based on the parties' Joint Report and District Judge Drozd's calendar, Judge Drozd has reserved a Pretrial Conference date of **August 15, 2022.** Trial date is to be determined.

5

**8. Effect of This Order**

  This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

  The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.  The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:  April 5, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE