UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER BAKER,<br><br>　　　　　Defendant. | Case No.  1:16-cv-01540-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>(Doc. No.  92) |

Before the Court is Plaintiff's Motion for Leave to File Amended Complaint filed on May 3, 2021 (Doc. No. 92, "Motion").  Appended to the Motion is Plaintiff's proposed Amended Complaint.  (Doc. No. 92-1).  The Amended Complaint seeks to join the United States as a defendant and add the claim of common law battery under the Federal Torts Claim Act[1] ("FTCA").  (*See generally Id*.).  Defendant filed an Opposition to the Motion.  (Doc. No. 93, "Opposition").  Plaintiff filed a Reply.  (Doc. No. 94, "Reply").  For the reasons discussed below, the Court grants Plaintiff's Motion.

///

///

///

---

[1] The United States waives sovereign immunity for certain tort claim that challenge actions by federal officers. Title 28 U.S.C. §§ 1346(b), 2674, 2680(h).

# I. BACKGROUND

Plaintiff, a federal prisoner in the custody of the Bureau of Prisons ("BOP"), initiated this action *pro se* by filing a form civil rights complaint under *Bivens* on October 13, 2016 while confined at United States Penitentiary, Atwater, California. (Doc. No. 1). The then-assigned magistrate judge screened the Complaint, finding the Complaint only stated cognizable claims against Defendant Baker for excessive force and retaliation stemming from events that occurred on October 13, 2014. (Doc. No. 12 at 6). Plaintiff's Eighth Amendment claim for excessive use of force remains pending.[2] Defendant Baker, represented by the United States Attorney, answered the complaint on June 27, 2017. (Doc. No. 26). The Court ordered a second screening of the Complaint to determine if the complaint stated a *Bivens* claim considering *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017). In connection with that second screening order, the Court appointed counsel for Plaintiff for the limited purposes of briefing *Ziglar*. (Doc. Nos. 69, 70). The Court determined that Plaintiff could proceed on his *Bivens* claim and afforded appointed counsel the opportunity to continue to represent Plaintiff. (Doc. No. 82; *Williams v. Baker*, 487 F.Supp.3d 918 (E.D. Cal. 2020)). Appointed counsel filed a Notice of Its Intention to Continue Representation and the Court, after holding a scheduling conference, issued a Case Management and Scheduling Order on April 5, 2021 that, *inter alia*, set a May 3, 2021 deadline for moving to join a party. (Doc. Nos., 83, 90, 91, 96).[3]

In support of his Motion to add the United States as a defendant under the FTCA, Plaintiff cites to Rule 15(a)'s policy of favoring amendments with "extreme liberality'" and asserts no undue prejudice will result to Defendants because of the amendment. (Doc. No. 92 at 4). Further, Plaintiff contends that the FTCA claim is timely because it relates back to the original

---

[2] The Court granted Defendant's exhaustion-based summary judgment motion concerning Plaintiff's retaliation claim. (Doc. No. 50). The Court denied Defendant's merit-based summary judgment claim regarding the excessive use of force claim finding material facts in dispute. (Doc. No. 61).

[3] On June 29, 2021, the Court issued an Amended Case Management and Scheduling Order setting forth new deadlines to govern the case since the prior deadlines expired. An Amended Case Management and Scheduling Order was entered only to clarify and/or correct certain ambiguities in the earlier scheduling order. (Doc. Nos. 91, 96).

1 | complaint and satisfies Fed. R. Civ. P. 15(c)(1)(B).  (*Id*. at 5).  In support of relation back,
2 | Plaintiff notes the FTCA claim stems from the same excessive use of force conduct that gave rise
3 | to Plaintiff's *Bivens* claim against Defendant Baker.  (*Id*. at 2).  As evidence that the United States
4 | received appropriate and timely notice, Plaintiff points to the fact that the original complaint was
5 | timely served on the U.S. Attorney on April 28, 2017.  (*Id*.); (s*ee also* Doc. No. 94 at 2).  Further
6 | proof of notice is established by the fact that the U.S. Attorney filed an answer to Plaintiff's
7 | original complaint on June 27, 2017.

8 | Presumably to show futility, Defendant argues that the FTCA claim does not relate back
9 | to the complaint and is statutorily time-barred.  (*See generally* Doc. No. 93).  Defendant disputes
10 | that the United States knew or should have known that a FTCA claim would have been brought
11 | against it but for a mistake concerning the proper party's identity as required by Rule 15(c)(1)(C).
12 | (Doc. No. 93 at 5).  More specifically, Defendant argues Plaintiff's FTCA claim against the
13 | United States could have been included when he filed his original complaint because he could
14 | have deemed the administrative tort claim denied.  (*Id*. at 6).  Instead, Plaintiff filed only a *Bivens*
15 | claim that only may be brought against officers in their individual capacity, not against the United
16 | States.  (*Id*.).  By implication, Defendant suggests Plaintiff's action implied a conscious decision
17 | to forego his FTCA claim.  Defendant also points to the FTCA's strict time requirements.  (*Id*. at
18 | 7). Specifically, Defendant argues that a FTCA claim shall be "forever barred" unless: (1) it is
19 | presented in writing to the appropriate Federal agency within two years after such claim accrues;
20 | or (2) unless action is begun within six months after notice of the final denial of the claim by the
21 | agency to which it was presented.  28 U.S.C. § 2401; (*Id*. at 3).  Defendant maintains that,
22 | because Plaintiff did not file an action within six months of the January 31, 2017 administrative
23 | denial of his tort claim, his FTCA claim is "forever barred."  (*Id*. at 7).
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

3

## II. APPLICABLE LAW AND ANALYSIS

**A. Federal Rule of Civil Procedure 15**

On April 5, 2021, this Court issued a Case Management Scheduling Order pursuant to Fed. R. Civ. P. 16 that, *inter alia*, set a May 3, 2021 deadline for moving to join a party.[4] (Doc. No. 91). On May 3, 2021, Plaintiff filed a motion requesting leave to file an amended complaint. (Doc. No. 92). Based on the procedural posture of this case, this was the first opportunity Plaintiff had to file a motion to amend the Complaint. Because Plaintiff filed the Motion within the timeframe issued by the Court, Plaintiff is entitled to the "liberal amendment procedures afforded by Rule 15." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Rule 15 mandates this Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(1)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" leave must be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). When considering the *Foman* factors, case law cautions that "prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital, LLC v. Aspen, Inc*. 316 F. 3d 1048, 1052 (9th Cir. 2003).

Fed. R. Civ. P. 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). An amended complaint that "seeks to change the party being sued relates back to the timely pleading if it satisfies the requirements of Rule 15(c)(1)(C)." *Tate v. United States*, No. 15-9323, 2019 WL 6799107, at *4 (C.D. Cal. Sept. 18, 2019) (internal quotations omitted). "For an amended complaint to relate back under Rule 15(c)(1)(C), (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have

---

[4] In a telephonic status conference held on April 1, 2021, counsel for Plaintiff apprised both the Court and defense counsel that he would seek to amend the complaint to add the United States as a defendant under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1). (*See* Doc. No. 90).

received such notice that it will not be prejudiced in maintaining its defense; and (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it." *Butler v. Nat'l Cmty. Renaissance*, 766 F.3d 1191, 1202 (9th Cir. 2014). "The second and third requirements must have been fulfilled within the time prescribed by Fed. R. Civ. P. 4(m) … which as of December 1, 2015, was 90 days after the timely pleading was filed. Plaintiff bears the burden of establishing that the requirements for relation back under Rule 15(c) have been satisfied." *Tate v. United States*, at *5.

The Court finds Plaintiff has satisfied Rule 15. As to the *Foman* factors, Plaintiff has not sought leave previously and the Court finds no bad faith nor prejudice. Arguably, only futility would preclude granting leave to amend if the FTCA claim would be time-barred. The Court finds no futility because Plaintiff's FTCA claim relates back to satisfy Rule 15(c). In the alternative, Plaintiff is entitled to equitable tolling on his FTCA claim. *See infra.* at 3-4.

Defendant does not object to the first or second factors under Rule 15(c)(1)(C). (*See* generally Doc. No. 93). Regarding the first requirement, it is unquestionable that the FTCA claim arises out of the same conduct and occurrence as the *Bivens* claim against Defendant Baker in the original complaint. Similarly, as to the second requirement, the United States Attorney was served with the complaint, after the Court completed screening and directed service by the U.S. Marshal, within the 90-day period of Rule 4(m). (*See* Doc. No. 22 (directing service upon both Defendant Baker and the United States citing to Fed. R. Civ. P. 4(i); Doc. No. 24 (evidencing Process Receipt and Return on United States Attorney).

The Court finds the cases cited by Defendant in support of its argument that the United States knew or should have known that a FTCA claim would have been brought against it distinguishable. Regarding the third requirement, there is no actual or constructive evidence that Plaintiff consciously decided to abandon his FTCA claim and strategically pursue only a *Bivens* action against Defendant Baker. *See Louisiana–Pacific Corp. v. ASARCO, Inc.,* 5 F.3d 431, 434–35 (9th Cir.1993) (district court did not abuse its discretion in denying a FRCP 15(c) motion when there was "no mistake of identity, but rather a conscious choice of whom to sue"). Indeed, at the time that Plaintiff commenced this action, the BOP had not yet denied his FTCA

administrative claim.[5] Further, Plaintiff as a *pro se* inmate used the form complaint that provided him with the ability to select from only two options: filing a civil right claim under 42 U.S.C. § 1983 or a *Bivens* action. (*See* Doc. No. 1). The form did not provide an option for a federal inmate to select a FTCA claim. Despite the absence of the selecting a cause of action other than one under § 1983 or *Bivens*, Plaintiff identified his first claim for relief as one for "excessive force" referencing the Eighth Amendment's "cruel and unusual punishment" language, but also referenced the tort of "assault." (Doc. No. 1 at 3). In the statement of facts in support of his first claim, Plaintiff twice references the "assault" committed by Defendant Baker. (*Id*. at 4, complaining other defendants "did nothing to stop" Defendant Baker "from assaulting the Plaintiff" and took not action "until after Plaintiff was assaulted."). And Plaintiff's *pro se* status warrants a liberal reading of his complaint. *Draper v. Rosario*, 836 F. 3d 1072, 1080 (9th Cir. 2016). Consequently, the Court finds the third requirement satisfied. Thus, because the FTCA claim relates back to date the original complaint was filed, October 13, 2016, the FTCA claim was filed within the FTCA statute of limitations. 28 U.SC. §§ 2675, 2401.

### B. Claim Under FTCA is Subject to Equitable Tolling

Even if Rule 15(c)(1)(C) does not apply, Plaintiff's FTCA claim may be timely if Plaintiff can demonstrate an entitlement to equitable tolling. Despite its "forever barred" statutory language, FTCA claims are subject to equitable tolling because § 2401(b) is not jurisdictional. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1040-41 (9th Cir. 2013). To be entitled to equitable tolling, a plaintiff must "show three elements: timely notice to the defendant, lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff." *Neil through Cyprian v. Park*, 833 F. App'x 689, 690 (9th Cir. 2021) (internal quotations omitted.). For a prior action to satisfy the notice requirement, "the defendants in both actions generally need to be the same." *Id*. However, failure to state the same defendant(s) in the subsequent action is not dispositive, for "timely notice may still exist if a defendant in the second claim was alerted to the need to gather

---

[5] As noted *supra*, the complaint was filed on October 13, 2016. Plaintiff's FTCA administrative claim was received by the BOP on February 20, 2015. Although a six-month presumptive period applies to claims, after which time the claim can be deemed denied, 28 U.S.C. § 2675, Plaintiff was not advised that his claim was denied until January 30, 2017.

6

1 and preserve evidence by the first claim even if not nominally a party to that initial proceeding."
2 *Id*. Under governing precedent Plaintiff's FTCA claim may be subject to equitable tolling. Thus,
3 in the alternative, the Court considers whether Plaintiff has satisfied the three elements required
4 for equitable tolling.

5     As to the notice element, as set forth *infra*, the record reflects the United States received
6 actual notice of Plaintiff's tort claim. Plaintiff filed his administrative claim with the Federal
7 Bureau of Prisons (BOP) on February 20, 2015. This administrative claim was filed on Standard
8 Form 95 ("SF-95"). (Doc. No. 92 at 8-9). The BOP confirmed receipt of Williams' submission
9 of SF-95 on March 5, 2015. (Doc. No. 92 at 10). "A claim under the FTCA shall be deemed to
10 have been presented when a Federal agency receives from a claimant … an executed Standard
11 Form 95 or other written notification of an incident, accompanied by a claim for money damages
12 in a sum certain." 28 C.F.R. § 14(a). *Rooney v. United States*, 634 F.2d 1238, 1243 (9th Cir.
13 1980); s*ee also Wright v. City of Santa Cruz*, No. 13-01230, 2014 WL 3058470, at *5 (N.D. Cal.
14 Jul. 3, 2014) (holding that "an SF-95 … is the form used to present a claim to a federal agency
15 under the FTCA"). Therefore, the BOP received actual notice of Plaintiff's FTCA claim when he
16 filed his SF-95 administrative claim. Additionally, the United States received timely notice of its
17 involvement in the civil proceedings when the Court ordered service of process on Defendant
18 Baker and the United States on April 18, 2017. The U.S. Attorney was served on April 28, 2017.
19 (Doc. No. 24 at 1). Therefore, despite Plaintiff's failure to state the same defendant in the
20 subsequent action, timely notice nevertheless existed because the United States was "alerted to
21 the need to gather and preserve evidence." As such, the Court finds Plaintiff demonstrates the
22 United States received timely notice of Plaintiff's claim.

23     Regarding lack of prejudice, the Court finds the United States will not suffer undue
24 prejudice by being added as a defendant. Here, despite the age of this case, discovery is still on-
25 going, and no dates have been set for trial. (*See* Doc. Nos. 96, 97). Additionally, Defendant
26 Baker has agreed to reopen discovery. (*See* Doc. No. 92 at 4). In *DCD Programs, Ltd. v.*
27 *Leighton*, 833 F.2d 183, 188 (9th Cir. 1987), the Ninth Circuit found that that when a case is still
28 in the discovery stage, no trial is pending and a pretrial conference is not scheduled, then "there is

7

no evidence that [defendant] would be prejudiced by the timing of the proposed amendment." Furthermore, the additional FTCA claim arises out of the same alleged incident of excessive force; therefore, the United States will not be prejudiced in their duty to defend against the claim. In *Azer v. Connell*, 306 F.3d 930, 938 (9th Cir. 2002), the court held that defendants could not claim prejudice when they were on notice of the possibility of the suit and when the gathering of relevant evidence remained the same.  Consequently, the Court finds Plaintiff has satisfied the second prong by demonstrating that the United States will suffer no prejudice.

Finally, this Court finds that Plaintiff acted reasonably and in good faith throughout the course of his civil proceedings. Plaintiff's original complaint was filed *pro se*. He also filed his administrative tort claim *pro se*. Counsel was assigned to Plaintiff on March 2, 2020 for the initial purpose of briefing the *Ziglar v. Abbasi* issue. With assistance of counsel and following the Court's ruling that Plaintiff could proceed with his *Bivens* action, Plaintiff timely filed his motion for leave to file an Amended Complaint. At no time has Plaintiff displayed bad faith to the Court. Rather, Plaintiff filed both his initial Complaint and his administrative tort claim to the best of his ability and, only after counsel was appointed did Plaintiff understand the appropriate claims and defendants. Thus, the Court finds Plaintiff satisfies the third element because he diligently pursued both administrative and Court remedies, which evidences reasonable and good faith conduct.

Based upon the foregoing, the Court finds Plaintiff's FTCA claim relates back to the complaint and, in the alternative, is subject to equitable tolling. Thus, Plaintiff may proceed on his amended complaint.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Amend (Doc. No. 92) is GRANTED.

2. The Clerk of Court shall accept for filing and separately docket Plaintiff's Amended Complaint (Doc. No. 92-1) and correct the docket to reflect the names of the defendants identified in Plaintiff's Amended Complaint.

3. The Court will direct service on the additional named defendant by separate order.

Dated: __August 24, 2021__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

9