UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTOPHER BAKER and UNITED STATES,<br><br>        Defendants. | Case No. 1:16-cv-01540-ADA-HBK (PC)<br><br>ORDER DENYING MOTION FOR SUBSTITUTE COUNSEL OR TO PROCEED PRO SE[1]<br><br>(Doc. No. 141) |

Pending before the Court is Plaintiff's "Motion for Substitute Counsel or to Proceed Pro Se." (Doc. No. 141, "Motion"). Plaintiff's Counsel did not file a response. For the reasons set forth below, the undersigned denies Plaintiff's Motion.

**BACKGROUND AND SUMMARY OF MOTION**

Plaintiff initiated this action by filing a pro se prisoner civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1). On October 28, 2019, Plaintiff filed a Motion for Appointment of Counsel, in part because the Court directed him to file a brief on the applicability to this case of *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017), and Plaintiff was unable to access certain relevant legal documents due to his detention in the security housing unit ("SHU"). (Doc. No. 66). On February 7, 2020, the previously assigned magistrate judge found appointment of counsel to be

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

warranted for the limited purpose of addressing whether Plaintiff's remaining Eighth Amendment allegations stated a claim upon which relief may be granted in light of *Ziglar*. (*See* Doc. No. 69). On March 4, 2020, the magistrate judge appointed Carter White and the UC Davis King Hall Civil Rights Clinic as Plaintiff's counsel for the limited purpose of briefing on the proper application of *Ziglar* to this case. (Doc. No. 70 at 1-2 ¶ 1). The representation was ordered to conclude upon the Court issuing an order whether Plaintiff's complaint stated a claim in light of *Ziglar*. (*Id*. at 2 ¶ 2). Upon issuing such an order, the previous magistrate directed Plaintiff's counsel to file a notice indicating whether they wished to continue the representation. (Doc. No. 82 at 16). Counsel subsequently filed a Notice indicating they intended to continue the representation. (Doc. No. 83).

On July 19, 2023, Plaintiff filed the instant Motion. (Doc. No. 141). In it, he asserts that his Counsel has failed to investigate important issues in his case, file motions requested by Plaintiff, depose certain witnesses, and respond to more than 20 of Plaintiff's emails. (*See generally id*.). These failures have caused a break down and loss of trust in the attorney-client relationship. (*Id*. at 11). Plaintiff's counsel did not file any response.

## APPLICABLE LAW AND ANALYSIS

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of Practice for the United States District Court, Eastern District of California. *See* L.R. 182; *L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist*., 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012).

The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). In addition, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.6(d). Mandatory withdrawal is required where the lawyer knows or reasonably should know that the client "is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the

2

purpose of harassing or maliciously injuring any person;" "the representation will result in violation of these rules or of the State Bar Act;" "the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively; or the client discharges the lawyer." Cal. R. Prof. Conduct 1.6(a). Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.6(b)(4).

The Local Rules provide that an attorney who has appeared on behalf of a client may not withdraw, leaving the client in propria persona, without leave of court upon noticed motion, along with notice to the client and all other parties who have appeared. L.R. 182(d). The attorney is also required to "provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw." *Id*. Likewise, California's Rules of Court require notice of a motion to withdrawal to be served on the client and other parties who have appeared in the action. Cal. R. Court 3.1362(d).

Here, the Court has not received a Motion to Withdraw from Plaintiff's counsel. Without such motion, filed in compliance with the applicable Local Rules and Rules of Court, the Court may not permit the withdrawal of Plaintiff's counsel. Thus, to the extent Plaintiff wishes to discharge his Counsel and proceed pro se, he must direct his Counsel to file an appropriate motion. The Court will then evaluate the motion after considering the applicable factors, including (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal." *L.S. ex rel. R.S.*, 2012 WL 3236743, at *2 (citing *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 U.S. Dist. LEXIS 4238, at *4 (E.D. Cal. Jan. 13, 2009)); *accord Kassab v. San Diego Police Dep't*, 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008). Additionally, "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." L.R. 182(d).

To the extent Plaintiff's Motion seeks appointment of new Counsel, the Motion is denied as premature and because Plaintiff has not made a showing of exceptional circumstances. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights

actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The previous magistrate judge assigned counsel finding the exceptional circumstances presented by Plaintiff's detention in the SHU and the new U.S. Supreme Court case law affecting Plaintiff's case. (*See* Doc. No. 69); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Preliminarily, the Court does not find that Plaintiff's disagreements with Counsel constitute exceptional circumstances to warrant appointment of new counsel.

If Plaintiff elects nevertheless to discharge his counsel and seek new counsel, the Court cautions Plaintiff that further appointment of counsel is not guaranteed, and indeed highly unlikely at this stage of the proceedings absent a new demonstration of exceptional circumstances. *See Palmer*, 560 F.3d at 970. If Plaintiff elects to discharge his Counsel, he may well be required to continue prosecuting this case without assistance of counsel.

Accordingly, it is **ORDERED:**

Plaintiff's Motion for Substitute Counsel or to Proceed Pro Se (Doc. No. 141) is DENIED.

Dated:   November 3, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE