1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHANNON WILLIAMS,

12              Plaintiff,                    CASE NO:  1:16-cv-01540-ADA-HBK

13        v.                                  FINDINGS AND RECOMMENDATIONS TO
                                              GRANT DEFENDANTS' MOTION FOR
14   CHRISTOPHER BAKER and UNITED             JUDGMENT ON THE PLEADINGS[1]
     STATES OF AMERICA,
15                                            (Doc. No.  138)
              Defendants.
16                                            FOURTEEN DAY OBJECTION PERIOD

17

18        Pending before the Court is Defendants Christopher Baker and United States of America's

19   (collectively "Defendants") Motion for Judgment on the Pleadings.  (Doc. No. 138, "Motion").

20   Defendants argue Plaintiff's Eighth Amendment *Bivens*[2] excessive force claim against Defendant

21   Baker is barred by recent Supreme Court and Ninth Circuit case law.  Plaintiff filed an Opposition

22   (Doc. No. 140), and Defendants filed a Reply (Doc. No. 143).  For reasons set forth below, the

23   undersigned recommends the District Court grant Defendants' Motion.

24        ////

25        ////

26

27   _____

     [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).
28   [2] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

**BACKGROUND AND SUMMARY OF OPERATIVE COMPLAINT**

Plaintiff, a federal prisoner, initiated this action pro se by filing a civil rights complaint on October 13, 2016.  (Doc. No. 1).   Plaintiff proceeds on his First Amended Complaint alleging two claims: (1) a *Bivens* claim against Defendant Baker for excessive force under the Eighth Amendment; and (2) a battery claim against the United States of America under the Federal Tort Claims Act ("FTCA").  (*See* Doc. No. 99).  Both claims arise from an incident that occurred at the United States Penitentiary in Atwater, California ("USP-Atwater") on October 13, 2014.  In summary, Defendant Baker responded to assist another officer who was engaged in a struggle with Plaintiff after Plaintiff refused to surrender an item he was holding.  (*See id*. ¶¶ 15-16).  Plaintiff alleges that during the incident, Defendant Baker "violated Plaintiff's Eighth Amendment right by maliciously and sadistically planting Plaintiff's left hand on the ground and wrenching his arm muscle from the bone in a manner intended to inflict pain, and which went far above the force needed to apprehend Plaintiff because he was already compliant with arrest." (*Id*. ¶ 27).  Plaintiff asserts that Baker stated, "[t]hat will teach you to file grievances." (*Id*.).  Plaintiff sustained a permanent loss of the full use of his arm, pain and suffering, and other injuries.  (*Id*. ¶ 28).

The previous magistrate's judge's screening order permitting Plaintiff to proceed with his Eighth Amendment *Bivens* claim was issued on September 14, 2020, before the Supreme Court decided *Egbert v. Boule*, 596 U.S. 482 (2022).  (*See* Doc. No. 82).  In his screening order, the magistrate judge recognized the operative complaint raised "an issue that has bedeviled federal courts for the past three years: the remaining breadth of the judicially created constitutional damages remedy known as *Bivens*." (*Id*. at 1).  Observing the Supreme Court had "curtailed *Bivens*" in *Ziglar v. Abbasi*, 582 U.S. 120 (2017) and *Hernández v. Mesa*, 140 S. Ct. 735 (2020) and finding Plaintiff's Eighth Amendment claim arose in a new context, the magistrate judge noted that then-existing authority was "uncertain in key respects" regarding how to apply the "special factors" analysis.  (Doc. No. 82 at 2).  While holding the question "close" and "persuasive authority [] far from unanimous," the court concluded that "special factors do not counsel hesitation" and found a cognizable Bivens claim against Officer Baker.  (*Id*. at 6, 14).

2

1    As set forth more fully below, considering subsequent *Bivens* case law handed down from

2    the Supreme Court and Ninth Circuit, the undersigned finds it may not extend a *Bivens* remedy to

3    an Eighth Amendment excessive use of force claim.  Accordingly, Plaintiff's Eighth Amendment

4    excessive use of force claim brought under *Bivens* is barred and the Motion for Judgment on the

5    Pleadings is proper.

**APPLICABLE LAW AND DISCUSSION**

6

7    **A.    Legal Standard**

8    "[J]udgment on the pleadings is properly granted when, taking all the allegations in the

9    pleadings as true, the moving party is entitled to judgment as a matter of law." *Milne ex rel.*

10   *Coyne v. Stephen Slesinger, Inc.,* 430 F.3d 1036, 1042 (9th Cir.2005).  The burden is on the

11   moving party to establish on the face of the pleadings that there is no material issue of fact.  *Hal*

12   *Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

13   Because a Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, courts

14   should apply the same standard.  *Dworkin v. Hustler Mag., Inc*., 867 F.2d 1188, 1192 (9th Cir.

15   1989).  In considering a Rule 12(c) motion, a court must limit its review to the pleadings and

16   "facts that are contained in materials of which the court may take judicial notice." *Heliotrope*

17   *Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (internal quotation marks

18   and citations omitted).  A motion for judgment on the pleadings should only be granted if,

19   accepting as true all material allegations contained in the nonmoving party's pleadings, the

20   moving party "clearly establishes that no material issue of fact remains to be resolved and that he

21   [or she] is entitled to judgment as a matter of law." *Doleman v. Meiji Mut. Life Ins. Co*., 727 F.2d

22   1480, 1482 (9th Cir. 1984) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice

23   and Procedure § 1368 (1969)).

24   **B.  Applicability of *Bivens* to Plaintiff's Complaint**

25   To date, the Supreme Court has only recognized a *Bivens* remedy in fact specific Fourth,

26   Fifth, and Eighth Amendment contexts.  *See Bivens*, 403 U.S. 388 (Fourth Amendment

27   prohibition against unreasonable searches and seizures); *Davis v. Passman*, 442 U.S. 228 (1979)

28   (Fifth Amendment gender-discrimination); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth

1    Amendment for failure to provide adequate medical treatment).

2                    1.   Recent Supreme Court case law regarding extension of *Bivens*

3            The Supreme Court made clear that "expanding the *Bivens* remedy is now a disfavored

4    judicial activity," and has "consistently refused to extend *Bivens* to any new context or new

5    category of defendants." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citations omitted); *see*

6    *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (reiterating that "a cause of action under *Bivens* is 'a

7    disfavored judicial activity."). Traditionally, courts applied a two-part test to determine the

8    appropriateness of extending a *Bivens* cause of action. First, the court examined whether the

9    claim arises in a "new context" or involves a "new category of defendants." *Hernandez v. Mesa*,

10   140 S. Ct. at 743. Second, if the claim does indeed arise in a new context, the court assessed

11   whether there exists any "special factors counselling hesitation in the absence of affirmative

12   action by Congress." *Ziglar*, 582 U.S. at 136 (internal quotations omitted). Recently, the

13   Supreme Court reformulated this test. In *Egbert*, 596 U.S. at 492, the Supreme Court concluded

14   these two steps can be distilled into a single inquiry— "whether there is any reason to think that

15   Congress might be better equipped to create a damages remedy." The Court further specified that

16   if there is even one rational reason to defer to Congress to afford a remedy, then "a court may not

17   recognize a *Bivens* remedy." *Id.* Practically, the Court concluded that a rational reason for

18   deference to Congress will exist "in most every case." *Id.*

19           Significant, the availability of an alternative remedial structure counsels against extending

20   *Bivens* to a new cause of action. Thus, a court may not even determine the adequacy of the

21   alternative remedy, as this too is a task left for Congress. *Egbert*, 596 U.S. at 498. Indeed, "[s]o

22   long as Congress or the Executive has created a remedial process that it finds sufficient to secure

23   an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing

24   a *Bivens* remedy." *Id.* This remains true "even if a court independently concludes that the

25   Government's procedures are 'not as effective as an individual damages remedy.'" *Id.* (quoting

26   *Bush v. Lucas*, 462 U.S. 367, 372 (1983)).

27                    2.   Recent Ninth Circuit case law regarding extension of *Bivens*

28           "Heeding the [Supreme] Court's guidance," in *Egbert* and *Hernandez* the Ninth Circuit

                                                    4

1  has "similarly declined to extend *Bivens* to any new contexts." *Chambers v. C. Herrera*, 78 F.4th

2  1100, 1104 (9th Cir. 2023); s*ee Harper v. Nedd*, 71 F.4th 1181 (9th Cir. 2023) (finding new

3  *Bivens* context in Fifth Amendment due process claim because claim involved a new category of

4  defendants and alternative remedial scheme); *Pettibone v. Russell*, 59 F.4th 449 (9th Cir. 2023)

5  (same in *Bivens* claim brought under the Fourth Amendment because claim involved officers of a

6  different rank and distinguishable official action and legal mandate); *Mejia v. Miller*, 61 F.4th 663

7  (9th Cir. 2023) (same in Fourth Amendment excessive force claim because case involved new

8  category of defendants).  In each of these cases the Ninth Circuit concluded that Congress, not the

9  Judiciary, was better suited to fashioning damages remedies.  "Essentially then, future extensions

10  of *Bivens* are dead on arrival."  *Harper*, 71 F.4th at 1187.

11          After the parties submitted their briefing on the instant Motion, the Ninth Circuit

12  confronted the precise question raised by this motion: whether *Bivens* provides an implied cause

13  of action for an Eighth Amendment excessive use of force claim.  *Chambers*, 78 F.4th at 1107.

14  As the briefing submitted by the parties on this motion reflects, district courts in this circuit have

15  come to different conclusions on this question.  Compare *Davis v. Fed. Bureau of Prisons*, 2022

16  WL 18460704, at *1 (C.D. Cal. Dec. 8, 2022), *report and recommendation adopted*, 2023 WL

17  405319 (C.D. Cal. Jan. 24, 2023) (rejecting *Bivens* claim in which prisoner alleged that officer

18  used excessive force) and *Cain v. Paviglianti*, 2023 WL 3855284, at *3 (E.D. Cal. June 6, 2023)

19  (granting motion to dismiss former prisoner's claim seeking damages against a federal

20  correctional officer for using excessive force against him in violation of the Eighth Amendment)

21  with *Bailey v. Cox*, 2022 WL 4237991, at *3 (E.D. Cal. Sept. 14, 2022) (relying on and quoting

22  *Reid v. United States*, 825 F. App'x 442, 444-45 (9th Cir. Sept. 2, 2020) (Eighth Amendment

23  excessive force claim did not present new *Bivens* context) ("A claim for damages based on

24  individualized mistreatment by rank-and-file officers is exactly what *Bivens* was meant to

25  address.") and *Moneyham v. United States*, 2018 WL 3814586, at *4 (C.D. Cal. May 31, 2018),

26  *report and recommendation adopted*, 2018 WL 3807839 (C.D. Cal. Aug. 6, 2018) (finding that

27  Eighth Amendment excessive force presents new *Bivens* context, but special factors analysis does

28  not does not foreclose *Bivens* remedy).  Notably, the decisions finding that *Bivens* permits an

1  Eighth Amendment excessive use of force cause action (*Bailey* and *Moneyham*) were decided

2  before *Egbert* or do not discuss *Egbert*.  In *Bailey*, which Plaintiff cites repeatedly in his

3  Opposition, the court noted cautiously that "[a]lthough the court will allow Plaintiff's claims to

4  proceed, it does not preclude the parties from raising this issue with full briefing later in the case."

5  2022 WL 4237991 at *3.

6       However, the Ninth Circuit in *Chambers* squarely addressed the question raised by the

7  above cases and unequivocally held that excessive use of force under the Eighth Amendment

8  represents a "new context" for application of *Bivens*.  The *Chambers* Court rejected the

9  argument—which the *Bailey* court had adopted—that excessive use of force is sufficiently similar

10  to deliberate medical indifference to find it permissible under *Carlson*.  *Id*. at 1107.  The Court

11  reasoned:

12
13       it is not enough that *Carlson* was also brought under the Eighth
         Amendment because several *Ziglar* factors highlight that this claim
         presents a new context.  These factors include: "the extent of
14       judicial guidance as to how an officer should respond to the
         problem or emergency to be confronted; the statutory or other legal
         mandate under which the officer was operating;" and "the risk of
15       disruptive intrusion by the Judiciary into the functioning of other
         branches."
16

17  *Id*. at 1107–08 (internal citations omitted).  The *Chambers* Court reasoned that any time Congress

18  or the Executive has legislated to create causes of action for prisoners, the decision *not* to create

19  an express cause of action, such as for Eighth Amendment failure to protect or excessive use of

20  force, "suggests that they have decided against creating such an action."  *Id*. at 1107.  And the

21  decision not to create such a cause of action gives the Court a reason "to think that Congress is

22  better suited to weigh the costs and benefits of allowing a damages action to proceed."  *Id*.,

23  quoting *Egbert*, 596 U.S. at 492.  In creating the PLRA and authorizing the BOP to create

24  administrative grievance procedures, without explicitly creating a damages remedy for Eighth

25  Amendment excessive force claims, Congress gave such an indication and the Court thus

26  declined to create a new *Bivens* remedy.  *Id*. at 1108.  Thus, binding Ninth Circuit case law now

27  holds that under *Egbert*, this Court may not extend a *Bivens* remedy to an Eighth Amendment

28  excessive use of force claim.

### C. Parties' Positions

#### 1. Defendants' Motion

Defendants' Motion, which was briefed and submitted before *Chambers*, argues that under *Egbert* and *Harper*, the extension of *Bivens* to a new context is "dead on arrival." (Doc. No. 138-1 at 1-2). Because the Supreme Court has never recognized a *Bivens* remedy for an Eighth Amendment excessive use of force claim, permitting the claim to proceed would mean recognizing a *Bivens* remedy in a "new context," which is "disfavored" if not outright barred by recent Supreme Court case law. (*Id*. at 4-6).

Even assuming the analysis does not stop there, Defendants argue that a special factors analysis counsels against recognizing a new *Bivens* remedy. First, federal prisoners have access to at least two alternative remedial structures in the BOP administrative grievance process and the FTCA, which "independently foreclose[s] a *Bivens* action." (*Id*. at 8) (quoting *Bivens*, 596 U.S. at 497). And under Egbert, a court may not "second-guess" the sufficiency of these remedial processes by weighing their adequacy and superimposing a judicially created *Bivens* remedy. (Doc. No. 138-1 at 8-9). Defendants also point to separation of powers concerns implicated when federal courts involve themselves in the daily operations of the federal prisons, which task is delegated to the executive branch. (*Id*. at 10). Finally, Defendants point out that finding a new damages remedy where Congress declined to do so as part of the PLRA is another factor counseling hesitation under *Ziglar*. (*Id*. at 11-12).

#### 2. Plaintiff's Opposition to the Motion

Plaintiff sets forth several arguments why the Court should reject Defendants' Motion. First, Plaintiff contends that the Motion was not properly noticed under the Local Rules, which the Court subsequently addressed by Text Order. (*See* Doc. No. 142).

Second, Plaintiff argues that applying the law of the case doctrine, the Court should not reverse its prior position that Plaintiff can proceed on his Eighth Amendment claim under *Bivens*. (*Id*. at 3-5). Plaintiff acknowledges that a court may revisit its prior rulings if there is a change in case law applicable to the ruling. (*Id*. at 4). However, Plaintiff contends that *Egbert* does not constitute a sufficient change in the law regarding *Bivens* to warrant the Court revisiting its

ruling.  (*Id*.).  For this proposition, Plaintiff cites to *Kidd v. Mayorkas*, 645 F. Supp. 3d 961 (C.D. Cal. Dec. 12, 2022), a district court case which held that *Egbert* did not fundamentally change the *Bivens* analysis previously set forth in *Ziglar* and *Hernandez*, and that "only if the new case is 'a binding opinion directly on point and irreconcilable with the earlier decision in the period between the first and second decisions of the lower court."  *Kidd*, 645 F. Supp. 3d at 966.

Third, Plaintiff cites to *Bailey*, an Eastern District case discussed *supra*, which held that the Eighth Amendment does not present a new context under Bivens; Plaintiff also notes that other districts around the country have come to the same conclusion.  (Doc. No. 140 at 5). Plaintiff argues that even if the Court finds Eighth Amendment excessive use of force constitutes a new *Bivens* context, special factors do not counsel hesitation in extending a Bivens remedy. Plaintiff contends that Congress would not be better equipped to authorize "prisoners' damages claims against rank-and-file officers for individualized mistreatment," noting that the PLRA does not create any remedies, but only sets forth the procedural requirements for prisoner plaintiffs to bring their claims.  (*Id*. at 7).  Plaintiff asserts that "[a]t the time it passed the PLRA, Congress understood that most federal prisoners brought their legal claims under *Bivens*.  Yet in deciding how to limit prisoner suits, Congress chose not to foreclose these claims."  (*Id*.).  Thus, Plaintiff infers there exists Congressional intent not to limit the availability of *Bivens* suits.  (*Id*.). Moreover, Plaintiff argues that neither the BOP's administrative grievance process nor the FTCA provides an adequate alternative remedial model, thus their existence does not counsel hesitation in extending a new *Bivens* remedy.

### 3.  Defendants' Reply

In their Reply, Defendants respond that *Egbert* is "irreconcilable" with this Court's prior ruling regarding the availability of a *Bivens* remedy for Plaintiff's claim.  (Doc. No. 143 at 2). They reiterate that in *Egbert*, the Supreme Court held that the existence of an alternative remedial structure "independently foreclose[s] a *Bivens* action."  (*Id*.) (citing *Egbert*, 596 U.S. at 497). Although Plaintiff contends that neither the BOP's grievance process nor the FTCA is an adequate alternative, *Egbert* makes clear that federal courts cannot "second-guess" the sufficiency of a remedial structure by "superimposing a *Bivens* remedy."  (*Id*.).

8

Defendants point out that *Kidd v. Mayorkas*, which Plaintiff cites to argue that *Egbert* does not constitute a change in the law sufficient to supersede the law of the case doctrine, is not applicable here. (*Id*. at 3-4). In *Kidd*, the court had previously found that a Fourth Amendment search and seizure claim did not represent a new context under *Bivens* and thus did not reach the special factors analysis. (*Id*. at 3). Defendants filed a Motion for Judgment on the Pleadings, citing to *Egbert* as warranting a new analysis of the issue. (*Id*.). But the court found that *Egbert* "devoted no substantive analysis to the context question" and therefore did not involve a change in the law as to that issue. (*Id*. at 3-4) (citing *Kidd*, 645 F. Supp. 3d at 969). Here, because the Court's Screening Order based its ruling on the special factor analysis, *Kidd's* holding as to *Egbert* is inapposite. (*Id*. at 4). Moreover, Defendants point out that *Kidd* is not binding on this Court. (*Id*.).

Defendants further argue that *Egbert* constitutes a change in the law because it resolves the ambiguities in *Ziglar* and *Hernandez*, reflected in this Court's Screening Order, concerning how to weigh the different special factors and evaluate alternative remedial processes. (*Id*. at 4-5). *Egbert* simplifies the inquiry by directing a federal court to ask, "if there is any reason to think that judicial intrusion into a given field might be harmful or appropriate; [if] there is the potential for such consequences, a court cannot afford a plaintiff a *Bivens* remedy." (*Id*. at 5) (quoting *Egbert*, 596 U.S. at 496). Additionally, the existence of an alternative remedial procedure created by Congress or the Executive "independently foreclose[s] a *Bivens* action." (*Id*. at 5).

Defendants note that this Court previously found that Plaintiff's Eighth Amendment claim presents a new context under *Bivens* and argues that the Court's holding in *Egbert* does not warrant reconsidering that finding. (*Id*. at 8). And once the Court finds a *Bivens* claim arises in a new context, as the Ninth Circuit recently stated in *Harper*, the claim is essentially "dead on arrival" because "[u]nder *Egbert*, rarely if ever is the Judiciary equally suited as Congress to extend *Bivens* even modestly." (*Id*. at 8) (quoting *Harper*, 71 F.4th at 1187). Thus, Defendants conclude that Plaintiff's Eighth Amendment *Bivens* claim is similarly foreclosed.

////

**ANALYSIS**

The former magistrate judge previously found that Plaintiff's Eighth Amendment excessive use of force claim presents a new context for a *Bivens* cause of action, but that special factors "do not counsel against extending the remedy" in this case.  (Doc. No. 82 at 2).  Since that ruling was issued, however, the analysis of *Bivens* claims has shifted significantly due to the Supreme Court's opinion in *Egbert*, and Ninth Circuit's opinions in *Harper* and *Chambers*.

The Court is bound by those decisions, and in particular by *Chambers*, whose ruling could not be more squarely on point.  The Ninth Circuit held in *Chambers* that an Eighth Amendment excessive use of force claim presents a new context not previously recognized for a *Bivens* claim, and that expanding *Bivens* would "risk the exact 'disruptive intrusion by the judiciary' that *Ziglar* forecloses." *Chambers*, 78 F.4th at 1108.  The *Chambers* Court followed the simplified and stricter guidance of *Egbert* whereby federal courts must ask whether Congress is better equipped to create a damages remedy and concluded it should "decline to craft an action for damages when Congress could have done so but did not." *Id*.  Thus, the Ninth Circuit expressly declined to extend Bivens to an Eight Amendment excessive use of force claim. *Id*.

Here, Plaintiff sets forth various arguments against revisiting the Court's ruling in its Second Screening Order.  However, it is incontrovertible, that C*hambers*, if not *Egbert* and *Harper*, constitute a significant intervening change in the law since the Second Screening Order.  The current case law affirms the Court's prior finding that an Eighth Amendment excessive use of force claim constitutes a new context under *Bivens*, and considering *Egbert* and *Harper*, a new context is almost certainly "dead on arrival.'" *Chambers*, 78 F. 4th at 1104 (quoting *Harper*, 71 F. 4th at 1187).  Because the Ninth Circuit has expressly found that to be the case in this specific Eighth Amendment excessive use of force context as presented by Plaintiff's claim, the Court must follow that binding precedent and find in Defendants' favor. *Chambers, Id*. at 1107-08 (reversing district court and dismissing Eight Amendment excessive use force claim with prejudice).

The undersigned thus recommends the District Court grant Defendants' Motion and dismiss Plaintiff's Eighth Amendment *Bivens* claim.

10

Accordingly, it is **RECOMMENDED**:

1.     The district court GRANT Defendants' Motion for Judgment on the Pleadings (Doc. No. 137) under Rule 12(c) and dismiss with prejudice Plaintiff's *Bivens* Eighth Amendment excessive use of force claim in his operative complaint (Doc. No. 99).

2.     The district court dismiss Defendant Baker from this action and permit Plaintiff's operative complaint (Doc. No. 99) to proceed only on Plaintiff's FTCA claim against United States of America.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


Dated:     November 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE