UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>CHRISTOPHER BAKER, et al.,<br><br>   Defendants. | Case No.  1:16-cv-01540-NODJ-HBK<br><br>**ORDER SETTING SETTLEMENT CONFERENCE AND PARAMETERS AND SCHEDULING PRE-CONFERENCE TELEPHONIC DISCUSSION**<br><br>**Settlement Statements due: March 21, 2024**<br>**Pre-settlement Conference: March 27, 2024**<br>**Settlement Conference:      April 11, 2024** |

Plaintiff is a federal prisoner proceeding *in forma pauperis* in this civil rights action and is represented by appointed counsel.  The Court determines that this case will benefit from a settlement conference.  Therefore, this case is referred to Magistrate Judge Erica P. Grosjean to conduct a settlement conference, which is scheduled to occur on **April 11, 2024, at 1:00 p.m.**

Accordingly, it is hereby **ORDERED** that:

1. A settlement conference is scheduled to occur on **April 11, 2024 at 1:00 p.m.**, before Magistrate Judge Erica P. Grosjean.  The conference shall be conducted via Zoom videoconference and shall last up to three hours.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement agreement shall attend.[1]

3. Those in attendance must be prepared to discuss the claims, defenses, and damages at issue in the case. The failure of any counsel, party, or authorized person subject to this order to appear may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Parties shall provide a confidential settlement statement no later than **March 21, 2024**, to the following email address: epgorders@caed.uscourts.gov. Parties shall also file a Notice of Submission of Confidential Settlement Conference Statement (see Local Rule 270(d)).

5. Settlement statements **should not be filed** with the Clerk of Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

6. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

   a. A brief statement of the facts of the case.

   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face-to-face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

2

    c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    e. A brief statement of the party's expectations and goals for the settlement conference, including how much the party is willing to accept and/or willing to pay.

    f. If the parties intend to discuss the joint settlement of any other actions or claims not in this suit, a brief description of each action or claim as set forth above, including case number(s) if applicable.

7. The Clerk of Court is directed to serve a copy of this order on the Litigation Office at **USP McCreary, Pine Knot KY**

Judge Grosjean will hold a short, pre-settlement conference telephone discussion with counsel on **March 27, 2024 at 11:00 a.m.** To participate telephonically, each party is directed to use the following dial-in number and passcode: 1-888-251-2909; passcode 1024453. Only the lead attorney from each side[2] should participate. At Judge Grosjean's discretion, the joint telephonic discussion may be followed by private telephonic discussions between the judge and each party.

Dated: January 24, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

Cc: Michelle Rooney, CRD

---

[2] The Court expects that the attorneys participating in the telephone discussion will also participate in the settlement conference.

3