UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER BAKER, et al.,<br><br>    Defendants. | No. 1:16-cv-01540-DAD-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S APRIL 24, 2024 ORDER<br><br>(Doc. No. 165) |

Plaintiff Shannon Williams is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 4, 2020, the previously-assigned magistrate judge issued an order appointing pro bono counsel, specifically attorney Carter C. White of the King Hall Civil Rights Clinic, "for the limited purpose of briefing whether plaintiff's remaining Eighth Amendment allegation in his complaint states a claim upon which relief may be granted in light of *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017)." (Doc. No. 70 at 1.) On September 14, 2020, the court asked attorney White to clarify his intentions with regard to whether his pro bono representation of plaintiff would continue and, on July 1, 2020, attorney White confirm that he was willing to accept a continued appointment to represent plaintiff in this case. (Doc. Nos. 82 at 16; 83.)

1	On July 19, 2023, plaintiff filed a *pro se* motion requesting the court to appoint new
2	counsel or permit him to proceed *pro se* in this action because, according to plaintiff, attorney
3	White failed to investigate important issues and failed to file certain motions, leading to a
4	breakdown and loss of trust in their attorney-client relationship.  (Doc. No. 141.)  On November
5	3, 2023, the assigned magistrate judge issued an order denying plaintiff's *pro se* motion as
6	improper and directing plaintiff's counsel to file a motion to withdraw as counsel of record.
7	(Doc. No. 145.)

8	On March 20, 2024, attorney White filed a motion to withdraw as counsel of record for
9	plaintiff in this action based on plaintiff's clearly expressed intention in his *pro se* motion that he
10	wishes to discharge attorney White, and "it would be unreasonably difficult [] to carry out the
11	representation effectively."  (Doc. No. 157 at 4.)

12	On April 24, 2024, the magistrate judge issued an order granting attorney White's motion
13	to withdraw as counsel of record for plaintiff, noting that "[a] client's right to discharge his
14	attorney 'is absolute.'"  (Doc. No. 164 at 2) (quoting *Fed. Sav. & Loan Ins. Corp. v. Angell,*
15	*Holmes & Lea*, 838 F.2d 395, 395–96 (9th Cir. 1988)).

16	On May 17, 2024, plaintiff file a document entitled "Objection to Order of Magistrate," in
17	which plaintiff asserts that attorney White filed the pending motion too late and he does not wish
18	to discharge attorney White.  (Doc. No. 165.)  The undersigned will construe plaintiff's filing as a
19	"Request for Reconsideration by the District Court of Magistrate Judge's Ruling," as provided by
20	Local Rule 303(c).  The standard of review for "all such requests is the 'clearly erroneous or
21	contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."  L.R. 303(f) (citing Fed. R. Civ.
22	P. 72(a)).

23	Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may
24	be referred to and decided by a magistrate judge, subject to review by the assigned district judge.
25	Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c).  The district judge shall modify or set aside any part
26	of the magistrate judge's order which is "found to be clearly erroneous or contrary to law."  L.R.
27	303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  The magistrate judge's factual determinations are
28	reviewed for clear error, while legal conclusions are reviewed to determine whether they are

contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

Here, plaintiff requests reconsideration of the magistrate judge's April 24, 2024 order granting attorney White's motion to withdraw as counsel of record for plaintiff. (Doc. No. 165.) Plaintiff does not, however, articulate any basis for reconsideration, nor explain how the magistrate judge's order is "clearly erroneous or contrary to law." The magistrate judge did not err in finding good cause exists to grant attorney White's motion, especially in light of the statements plaintiff made in his *pro se* motion seeking appointment of new counsel or permission to proceed *pro se* in this action. The fact that plaintiff now wishes he could still be represented by attorney White is not a basis to reconsider the order granting attorney White's motion to withdraw as plaintiff's counsel in this action.

Accordingly, plaintiff's request for reconsideration of the magistrate judge's April 24, 2024 (Doc. No. 165) is denied.

IT IS SO ORDERED.

Dated: **July 8, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3