UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 1:16-cv-01540-DAD-HBK (PC)<br><br>ORDER SETTING TELEPHONIC TRIAL CONFIRMATION HEARING, BENCH TRIAL, AND RELATED DEADLINES[1]<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF LOCAL RULE 281<br><br>**Plaintiff's Pretrial Statement: December 9, 2024**<br><br>**Defendants' Pretrial Statement: December 16, 2024**<br><br>**Telephonic Trial Confirmation Hearing: January 14, 2025 at 1:30 p.m.**<br><br>**Bench Trial: February 3, 2025 at 9:00 a.m.**<br>Court Room 4; Bench Trial; In Person |

　　　　This matter proceeds on Plaintiff Shannon Williams' Complaint filed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 on October 13, 2016. (Doc. No 1). This case remains pending on Plaintiff's FTCA claim against Defendant United States of America.[2] (*See* docket). The case is currently

---

[1] The Telephonic Trial Confirmation Hearing ("TTCH") is also known as a pretrial conference. The TTCH will function as a pretrial conference for this action. *See* Local Rules 280, 282.

[2] The Court previously granted Defendants' Motion for Judgment on the Pleadings, thereby dismissing Plaintiff's *Bivens* claim and Defendant Christopher Baker. (Doc. Nos. 138, 146, 161).

scheduled for a settlement conference before Judge Erica P. Grosjean on November 19, 2024. (Doc. No. 178).

The Court now sets a bench trial before Judge Dale A. Drozd on **February 3, 2025 at 9:00 a.m.**,[3] and a telephonic trial confirmation hearing ("TTCH"), also known as a pretrial conference, before Judge Drozd to occur on **January 14, 2025, at 1:30 p.m**. This Order further directs the filing of pretrial statements and sets other related deadlines.

## PRETRIAL STATEMENTS

1. The parties shall file Separate Statements. Local Rule 281(a)(1). The Statements shall contain the information set forth in Local Rule 281(b).

2. Plaintiff shall file and serve his pretrial statement as described in this order on or before **December 9, 2024**.

3. Defendant shall file and serve their pretrial statement as described in this order on or before **December 16, 2024**.

4. **The Clerk of Court is directed to send Plaintiff a copy of Local Rule 281.**

## TELEPHONIC TRIAL CONFIRMATION HEARING

1. A Telephonic Trial Confirmation Hearing is set for **January 14, 2025 at 1:30 p.m.** The location of the conference, including whether it will be held digitally or in person, will be communicated to the parties by Judge Drozd. If set digitally, the parties will be provided with the Zoom ID and password by Judge Drozd's Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire is required.

2. Counsel for Defendant is required to contact Plaintiff's institution to arrange for Plaintiff's participation at the TTCH as soon as the Court determines whether the conference will be remotely or in person.

## ATTENDANCE OF WITNESSES FOR TRIAL

1. At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each

---

[3] The bench trial will be held in Courtroom 4, Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814.

of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is Plaintiff's responsibility to produce all the evidence to prove Plaintiff's case, whether that evidence is in the form of exhibits or witness testimony. In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, Plaintiff must make a particularized showing to obtain the attendance of inmate-witnesses. The procedures and requirements for making such a detailed below. Plaintiff is advised that failure to comply with these procedures may result in the preclusion of any or all witnesses named in Plaintiff's pretrial statement. To call witnesses to testify, Plaintiff must follow the procedures set forth below:

**Incarcerated Witnesses Who Agree to Voluntarily Testify**

2. An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this Court orders the warden or other custodian to permit the incarcerated witness to be transported to court. This Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of relevant facts.

3. Either party intending to introduce the testimony of incarcerated witnesses who have agreed to voluntarily attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

4. The willingness of the prospective witness can be shown in one of two ways: (1) can swear personally by declaration under penalty of perjury that the prospective witness has information that the witness is willing to testify voluntarily without being subpoenaed. In the declaration, the party must state when and where the prospective witness informed him of this willingness; or (2) the prospective witness can sign a declaration under penalty of perjury in which the witness states that he or she is willing to testify without being subpoenaed.

5. The prospective incarcerated witnesses' actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts, the party can swear by declaration under penalty of perjury that the prospective witness has actual knowledge (e.g., if an incident occurred in Plaintiff's cell and, at the time, the party saw that a cellmate was present and observed the incident, the party may swear to the cellmate's ability to testify); or (2) the inmate-witness can sign a declaration under penalty of perjury in which the inmate-witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be able to see or to hear what occurred at the time it occurred. The party must serve and file the declaration made the inmate-witness or by himself.

**Incarcerated Witnesses Who Refuse to Testify Voluntarily**

6. If a party wishes to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

7. The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the writs necessary to cause the witnesses' custodian to bring the witnesses to court.

8. A motion for the attendance of incarcerated witnesses, if any, must be filed on or before **December 2, 2024**. An opposition(s), if any, must be filed on or before **December 16, 2024**.

**Nonincarcerated Witnesses Who Agree to Voluntarily Testify**

9. It is the responsibility of either party who has secured a nonincarcerated witnesses' voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the Court.

**Nonincarcerated Witnesses Who Refuse to Testify Voluntarily**

10. If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party must tender an appropriate sum of money for the witness. *Id.* In the case of an nonincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witnesses' travel expenses. 28 U.S.C. § 1821.

11. If Plaintiff wishes to obtain the attendance of one or more nonincarcerated witnesses, who refuse to testify voluntarily, **<u>Plaintiff must first notify the Court in writing of the name and address (home or business) of each nonincarcerated witness in his pretrial statement</u>**. The name and address of each witness is necessary for the Court to determine the travel costs and thus the witness fees for that individual. The Court will calculate the travel expenses for each nonincarcerated witness and notify Plaintiff of the amount(s). Plaintiff then, for each witness, must submit a money order made payable to the witness for the full amount of the witnesses' travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the nonincarcerated witness by the United States Marshals Service unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*. If Plaintiff wishes to have the Marshals Service serve any nonincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than **January 6, 2025**. In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his or her witnesses, in compliance with the instructions above, no later than **December 9, 2024**.

**TRIAL SETTING**

Trial before Judge Drozd shall commence at 9:00 a.m. on February 3, 2025 in Courtroom 4, 15th Floor.

**EFFECT OF THIS ORDER**

- Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

- ***The dates set in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed***.  Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.
- The parties are advised that failure to file amended pretrial statements as required by this Order or failure to comply with this Order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

IT IS SO ORDERED:

Dated:   August 26, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE