UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | Case No. 1:16-cv-01540-DAD-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 188) |

Pending before the Court is Plaintiff's motion to appoint counsel filed on December 2, 2024. (Doc. No. 188). Plaintiff, a federal prisoner, proceeds *in forma pauperis* solely on his battery claim seeking monetary damages under the Federal Tort Claims ACT ("FTCA") contained in his amended complaint. (Doc. Nos. 1, 99, 146, 161).[1] A settlement conference and bench trial are scheduled in this case for December 20, 2024 and February 3, 2025, respectively. (Doc. Nos. 194, 179). Plaintiff had previously been appointed counsel, and the Court granted pro bono counsel's motion to withdraw on April 24, 2024 based on Plaintiff's express intent that he wished to discharge his attorney. (Doc. Nos. 70, 164). The district court denied Plaintiff's motion for reconsideration of the April 24, 2024 order discharging counsel. (Doc. No. 170).

Plaintiff requests the Court to reappoint him counsel because his institution is

---

[1] Plaintiff's Eight Amendment claim brought pursuant to *Bivens* was dismissed due to the Supreme Court's opinion in *Egbert*, and Ninth Circuit's opinions in *Harper* and *Chambers*. (Doc. Nos. 146, 161).

"continuously and currently on institution[al] lockdown." (Doc. No. 188 at 1). Plaintiff states that the lockdowns result in no access to phone or e-mail, and he is without access to the law library to research and timely comply with the Court's orders and deadlines. (*Id*. at 2). Plaintiff also argues that the Protective Order concerning the location of cameras at U.S.P. Atwater, where the incident giving rise to his claim occurred, is unwarranted "as the cameras are not hidden from inmates and it is common knowledge that inmates" at USP Atwater are under 24-hour surveillance. (*Id*. at 3).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action but only in "exceptional circumstances." *Wilborn v. Escalderon*, 789 F. 2d 1328, 1331 (9th Cir. 1986). The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances to warrant reappointment of counsel at this later stage of the case. The issues involved in this case are not complex. Plaintiff had capably filed his complaint, numerous motions, and successfully defended against a motion for summary judgment prior to counsel's appointment.[2] Additionally, Plaintiff presented his administrative claim to the appropriate federal agency before filing a civil action as required by 28 U.S.C. § 2675(a). Thus, the Court continues to find that Plaintiff has demonstrated an ability—and, in fact, is capable—of articulating his claims pro se. Appointed

---

[2] Counsel was initially appointed for the limited purpose of briefing whether Plaintiff's remaining Eighth Amendment allegation in his complaint stated a claim upon which relief may be granted considering *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). (Doc. No. 70).

counsel at this late stage of the case would lack the depth of familiarity with the facts of this case. To the extent that institutional lockdowns are impeding Plaintiff's ability to comply with the court's deadlines, Plaintiff may seek an extension of time. Thus, the Court does not find reappointment of counsel warranted in this case. Plaintiff, however, may raise any concerns he has with litigating this case pro se at the pretrial conference currently scheduled for January 14, 2025.

As to Plaintiff's claims regarding a protective order over the location of surveillance cameras at USP-Atwater, it is not clear what relief, if any, Plaintiff seeks. Discovery closed more than a year ago on May 15, 2023. (*See* Doc. No. 132). On March 3, 2023, the Court held a discovery dispute hearing concerning all outstanding discovery issues and any issues with discovery were resolved at that time. (*See* Doc. No. 131). Further, the surveillance video (Doc. No. 45-2) was previously reviewed in connection with Defendant's motion for summary judgment and discussed at length by the previous magistrate judge in his February 26, 2019, Findings and Recommendations to deny Defendant's motion for summary judgment (Doc. No. 59 at 8-9). Moreover, the Protective Order does not prohibit the introduction of the surveillance video at trial. (*See* Doc. No. 127 at 1-2) (noting that Stipulated Protective Order does not entitle parties to file confidential information under seal).

Accordingly, it is **ORDERED**:

Plaintiff's Motion for Appointment of Counsel (Doc. No. 188) is DENIED.

Dated:   December 16, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE