UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 1:16-cv-01540-DAD-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO THE LIMITED EXTENT SET FORTH HEREIN AND DIRECTING CARTER C. WHITE TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(Doc. No. 199) |

      On April 24, 2024, the Court granted Plaintiff's pro bono counsel Carter C. White's motion to withdraw as attorney of record. (Doc. No. 164). On July 9, 2024, the District Court denied Plaintiff's Motion for Reconsideration of the April 24, 2024 Order. (Doc. No. 170). On August 26, 2024, the Court directed Plaintiff's former pro bono counsel to "mail a copy of Plaintiff's case file and any other materials related to this case to Plaintiff's address of record." (Doc. No. 177 at 2 ¶ 1).

      On December 2, 2024, Plaintiff filed a Notice seeking a court order directing "attorney Carter C. White to turn over all the information and notes including the resolvement [sic] of the discovery dispute of March 8, 2023 . . . ." (Doc. No. 189 at 1). On December 13, 2024, the Court directed Mr. White (1) "to mail a copy of any remaining materials not previously provided and related to Plaintiff's case" to Plaintiff and (2) to file a Notice of Compliance with the August 26,

2024 Order and December 13, 2024 Order no later than December 20, 2024. (Doc. No. 195 at 2).

Four days before the December 20, 2024 deadline, Plaintiff filed a subsequent Notice requesting the Court "order Attorney White to turn over the movant's entire file including work-product notes." (Doc. No. 199). Representing that he did not receive any documents concerning "the resolvement [sic] of the discovery dispute involving the destruction of the video recording of the October 13, 2014 incident," Plaintiff requests Mr. White be ordered to "explain what happened to the documents that were part of the discovery dispute." (*Id.*). To date, Mr. White has not responded to the Court's December 13, 2024 Order or filed the required Notice of Compliance.

"The inherent powers of federal courts are those that are necessary to the exercise of all others." *Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (internal quotation marks omitted). "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). "A court has power to adjudge in civil contempt any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983). Local Rule 110 provides that "[f]ailure of counsel … to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court."

Here, the Court ordered Mr. White[1] to provide all documents to Plaintiff *and* file a Notice of Compliance no later than December 20, 2024. (Doc. No. 195). White failed to comply with or in any way respond to the Court's Order by the deadline. Additionally, White failed to respond to Plaintiff's assertions that White did not provide the entire file to him. White's failure to respond in any way hinders the Court's ability to move forward with proceedings in this matter.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion is GRANTED (Doc. No. 199) to the limited extent that Plaintiff's former pro bono counsel, Carter C. White, is directed to mail a copy of any remaining

---

[1] While Mr. White is not currently Plaintiff's counsel, "[t]he power of a court over members of its bar is at least as great as its authority over litigants." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980).

materials not previously provided and related to Plaintiff's case to his address of record:

>  **Shannon Williams**
>  13947-047
>  MCCREARY
>  U.S. PENITENTIARY
>  Inmate Mail/Parcels
>  P.O. BOX 3000
>  PINE KNOT, KY 42635

2. To the extent the file does not contain any documents related to the discovery dispute concerning the alleged destruction of video, Mr. White is directed to explain the lack of documents in a letter to Plaintiff.

3. **No later than January 7, 2024,** Mr. White shall file a Notice of Compliance with the August 26, 2024 Order and the Court's December 13, 2024 Order, certifying that all case materials have been provided to Plaintiff.

4. **No later than January 14, 2024**, Mr. White **SHALL SHOW CAUSE IN WRITING** why sanctions should not issue for his failure to comply with the Court's December 13, 2024 Order.

5. Because Plaintiff's former counsel has been terminated from this action, the Clerk of Court is directed to email former counsel at ccwhite@ucdavis.edu as well as mail a copy of this order and Plaintiff's December 16, 2024 Notice/Motion (Doc. No. 198) to counsel's address of record:

>  **Carter Capps White**
>  King Hall Civil Rights Clinic
>  UC Davis School of Law
>  One Shields Avenue, Bldg. TB 30
>  Davis, CA 95616

Dated:   December 30, 2024

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3