UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 1:16-cv-01540-DAD-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR WITNESSES TO TESTIFY<br><br>(Doc. No. 198) |

On August 26, 2024, the Court set a bench trial for February 3, 2025 on Plaintiff's battery claim under the FTCA based on a use of force incident that occurred on October 13, 2014. (Doc. No. 179 ("Order")). The Order advised Plaintiff that he "must make a particularized showing to obtain the attendance of inmate-witnesses" at trial. (*Id.* at 3). Of relevance, for "[a]n incarcerated witness who agrees voluntarily to attend trial to give testimony," the Court required Plaintiff to file a motion "accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts." (*Id.*). The Order provided:

> 4. The willingness of the prospective witness can be shown in one of two ways: (1) can swear personally by declaration under penalty of perjury that the prospective witness has information that the witness is willing to testify voluntarily without being subpoenaed. In the declaration, the party must state when and where the prospective witness informed him of this willingness; or (2) the prospective witness can sign a declaration under penalty of perjury

> in which the witness states that he or she is willing to testify without being subpoenaed.
>
> 5. The prospective incarcerated witnesses' actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts, the party can swear by declaration under penalty of perjury that the prospective witness has actual knowledge (e.g., if an incident occurred in Plaintiff's cell and, at the time, the party saw that a cellmate was present and observed the incident, the party may swear to the cellmate's ability to testify); or (2) the inmate witness can sign a declaration under penalty of perjury in which the inmate-witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be able to see or to hear what occurred at the time it occurred. The party must serve and file the declaration made the inmate-witness or by himself.

(*Id.* at 3-4).

On December 16, 2024, Plaintiff moved the Court "for an order for incarcerated witnesses Majuan Fleming and Stephen Hunt to testify about the events at issue for the trial." (Doc. No. 198). Plaintiff represents Fleming (1) "was an ear-witness and heard the Plaintiff state 'your [sic] hurting me' after he was assaulted by Baker" and (2) "seen exactly were [sic] the cameras were positioned in October 2014 and was present at U.S.P. Atwater when the cameras were removed, <u>after</u> the filing of this lawsuit." (*Id.* at 1). As to Hunt, Plaintiff indicates he "was an ear witness and heard Baker state to the Plaintiff in September of 2014 that the Affiant should be careful about who he wrote grievances" and "can also testify … that there were 360º bubble cameras throughout Unit 6B." (*Id.* at 2). Plaintiff represents "both of these witnesses have indicated there [sic] willingness to testify." (*Id.*).

Defendant opposes Plaintiff's request based on Plaintiff's failure to comply with the Order. (Doc. No. 207). Defendant argues Plaintiff failed to show the prospective witnesses' willingness to testify because he failed to "state when and where the prospective witness informed him of this willingness." (*Id.* at 2). Further, Defendant argues Plaintiff failed to provide sufficient details about how the witnesses obtained knowledge of the events surrounding the alleged battery, which is the only claim proceeding to trial. (*Id.*). Finally, Defendant argues

any knowledge about the prison cameras is not a reason to transport the prospective witnesses to court for trial on the battery claim. (*Id.* at 3).

The Court agrees with the Defendant that Plaintiff failed to make the necessary showing required by the Order.  While Plaintiff states both Fleming and Hunt indicated their willingness to testify, he wholly fails to indicate "when and where the prospective witness informed him of this willingness" as required.  (Doc. No. 179 at 3).  Further, Plaintiff's declaration does not provide the level of detail regarding the prospective witnesses' knowledge because it is not "specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be able to see or to hear what occurred at the time it occurred." (*Id.* at 4). Plaintiff simply has not satisfied the requirements of the Order.

Accordingly, it is **ORDERED**:

Plaintiff's Motion (Doc. No.198) is DENIED.

Dated:     January 2, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3