UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS, | Case No. 1:16-cv-01540-DAD-HBK (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO REOPEN DISCOVERY |
| v. | |
| UNITED STATES OF AMERICA, | (Doc. No. 212) |
| Defendant. | |

Pending before the Court is Plaintiff's "Objections to Protective Order," which is accompanied by Plaintiff's sworn "Affidavit," filed January 2, 2025. (Doc. Nos. 212, 213). The Court previously construed the filings as a motion to reopen discovery concerning the existence and subsequent removal and/or destruction of certain cameras that Plaintiff claims captured the October 13, 2014 incident in unit 6B at USP Atwater, which gives rise to Plaintiff's battery claim under the FTCA. (Doc. No. 215). Defendant filed an expedited response as directed by the Court on January 10, 2025, and opposes the construed motion. (Doc. No. 218). For the reasons stated below, the Court denies the construed motion.

**Relevant Background**

Plaintiff, a federal prisoner, initiated this action *pro se* by filing a civil rights complaint on October 13, 2016. (Doc. No. 1). On March 4, 2020, the then-presiding magistrate judge

appointed Carter C. White to represent Plaintiff.[1]  Following a conference on March 8, 2023 concerning discovery disputes between the parties, the Court entered a Final Amended Case Management and Scheduling Order on March 10, 2023, setting a fact discovery deadline of May 15, 2023.  (Doc. No. 132 at 2).  Subsequently, the parties stipulated to, and the Court approved, an amendment to the previously entered protective order to allow an "attorneys' eyes only" designation to be used due to institutional safety and security concerns.  (Doc. Nos. 134, 135).

On March 20, 2024, Mr. White moved to withdraw as Plaintiff's counsel.  (Doc. No. 157).  The Court granted the motion on April 24, 2024.  (Doc. No. 164 at 2).  At an August 22, 2024 status conference, Plaintiff advised the Court that he had not received the case file or other materials from Mr. White.  (*See* Doc. No. 177 at 1).  Accordingly, on August 26, 2024, the Court ordered Mr. White "to provide any materials or files still in his possession relating to this matter, including all discovery or medical records, to Plaintiff."  (*Id.*).

On December 13, 2024, based on Plaintiff's request that Mr. White turn over information related to the March 8, 2023 discovery dispute, the Court directed Mr. White (1) "to mail a copy of any remaining materials not previously provided and related to Plaintiff's case" to Plaintiff and (2) to file a Notice of Compliance with the August 26 Order and December 13 Order no later than December 20, 2024.  (ECF No. 195 at 2).  When Mr. White failed to respond by the deadline, the Court again directed him to "mail a copy of any remaining materials not previously provided and related to Plaintiff's case" to Plaintiff;  "[t]o the extent the file does not contain any documents related to the discovery dispute concerning the alleged destruction of video, … explain the lack of documents in a letter to Plaintiff;" and file a Notice of Compliance with the August 26 and December 13 Orders.  (ECF No. 208 at 2-3).

On January 7, 2025, Mr. White filed the required Notice of Compliance with Court Orders.  (Doc. No. 217).  Mr. White indicated that "[a]fter the Court issued its first order, [his] staff copied the several hundred pages of Plaintiff's file" and mailed it to Plaintiff on September 24, 2024; before the Court entered the December 13 Order, Mr. White "located file notes

---

[1] Although counsel was initially appointed for a limited purpose, the Court allowed Mr. White to continue representing Plaintiff after the conclusion of his initial duties.  (*See* Doc. Nos. 70, 82, 83).

regarding the March 8, 2023, telephonic discovery conference and other related material that may not have been included with the material sent to Plaintiff in September" and mailed them to Plaintiff on December 11, 2024; and after receiving the Court's December 30, 2024 order, Mr. White located "a few additional pages of material including a research memorandum," which he mailed to Plaintiff on January 7, 2025.  (*Id.* at 1-2).

**Plaintiff's Motion**

Plaintiff requests the Court "lift any protective order as it applies to the Plaintiff, in relation to exactly where all the cameras were positioned on October 13, 2014 in Unit 6B." (Doc. No. 212 at 1).  Additionally, Plaintiff asks the Court "to order the Defendants to produce an exemplar video and other diagrams to establish exactly where the cameras were positioned on October 13, 2014, for the Plaintiff to review." (*Id.* at 2-3).  Plaintiff asserts that without this evidence, he cannot "meaningfully advocate his claim." (*Id.* at 3).

Defendant opposes Plaintiff's requests because "Plaintiff had every opportunity to conduct discovery regarding the camera systems in Unit 6B within the time schedule established by the Court." (Doc. No. 218 at 2).  Defendant relies on the Declaration of Benjamin E. Hall, which indicates Plaintiff's former counsel "engaged in extensive discovery regarding the video surveillance systems in use in Unit 6B of USP Atwater at the time of the incident," including "interrogatories and requests for production of documents relating to the number and location of cameras in Unit 6B, any 'complaints and investigations' regarding the adequacy of video surveillance at USP Atwater, Bureau of Prisons policies regarding video footage, and protocols for maintenance, data retention, and standards for video quality." (ECF No. 218-1 at 2).  Further, Mr. White "noticed and took 'Person(s) Most Knowledgeable' depositions specifically concerning the location and number of cameras that 'could possibly have viewed the incident,' any 'blind spots,' video surveillance data storage and preservation methods, changes in video surveillance since the October 2014 incident, and BOP policies concerning video surveillance handling and procedures." *Id.*

**Applicable Law and Analysis**

Federal Rule of Civil Procedure 1 requires that the court and the parties secure "the just,

speedy, and inexpensive determination of every action." *Id.* Federal Rule of Civil Procedure 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the original time, or its extension expires; or, on a motion made after the time has expired, if the party failed to act because of excusable neglect. Additionally, Federal Rule of Civil Procedure 16(b)(4) permits a court to modify a scheduling order for good cause shown and with the judge's consent.

Good cause requires less than manifest injustice but a focus on the diligence of the moving party and that party's reasons for seeking modification are the court's focus in determining whether to permit an enlargement of time. *Stoddart v. Express Services*, 2017 WL 3333994, at *1-2 (E.D. Ca. August 4, 2017) (other citations omitted). "A scheduling order is not 'a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* at 1 (other citations omitted). If the moving party fails to show diligence, the inquiry should end. *United States for use and benefit of Chen v. K.O.O. Construction, Inc.*, 445 F. Supp. 3d 1055, 1056 (S.D. Ca. May 8, 2020) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Here, Plaintiff has failed to show diligence as necessary to warrant reopening discovery. Plaintiff did not file his motion until over nineteen months after discovery closed and over eight months after his former counsel's withdrawal. Plaintiff wholly fails to provide *any* reason why he did not bring his motion sooner. Thus, Plaintiff has made no effort to show he has been diligent, and this failure alone justifies denial of his motion.

Further, the evidence before the Court establishes that former counsel conducted extensive discovery related to the cameras at USP Atwater and former counsel has now provided all materials related to such to Plaintiff. There is simply no reason to reopen discovery to allow Plaintiff to reconduct discovery already performed by his former counsel. Plaintiff's reference to the protective order can be construed as an allegation that former counsel withheld documents designated as "attorneys' eyes only" when providing him with the case file. However, in the Notice of Compliance, former counsel indicated he provided all materials to Plaintiff without any indication materials were held based on the protective order. Considering all the evidence before

the Court, there is no indication that reopening discovery would lead to relevant evidence not already obtained.

Accordingly, it is **ORDERED**:

Plaintiff's construed motion to reopen discovery (Doc. No. 212) is DENIED.

Dated:  January 13, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE