UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>                 Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                 Defendant. | Case No.  1:16-cv-01540-DAD-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CLARIFY<br><br>(Doc. No.  220) |

Pending before the Court is Plaintiff's motion to clarify, filed January 13, 2025.  (Doc. No. 220).  Plaintiff moves "to be included in the protective order, and review protected materials," specifically with respect to the location of cameras within Unit 6B of USP Atwater. (*Id.* at 1).  Plaintiff's request to be "included" in the protective order amounts to an allegation that certain discovery was withheld from him based on an "attorneys' eyes only" designation contained in the stipulated protective order entered on April 14, 2023.  (*See* Doc. No. 135). Defendant did not file a response to the motion and the time to do so has expired.  *See* Local Rule 230(l) (affording 21 days to file response to motions in prisoner actions).

Plaintiff has raised his concern that he did not receive all the relevant discovery on multiple occasions and the Court has taken steps to address his concerns.  Most recently, the Court ordered Plaintiff's former pro bono counsel Carter C. White to "mail a copy of any remaining materials not previously provided and related to Plaintiff's case to" Plaintiff; "[t]o the

extent the file does not contain any documents related to the discovery dispute concerning the alleged destruction of video, … explain the lack of documents in a letter to Plaintiff;" and file a Notice of Compliance with the Court's orders. (Doc. No. 208 at 3). Mr. White filed the required Notice of Compliance, certifying he sent Plaintiff several hundred pages of his file in September 2024; sent additional file notes regarding the March 8, 2023 discovery conference and other related material to Plaintiff in December 2024; and sent "a few additional pages of material including a research memorandum" to Plaintiff in January 7, 2025. (Doc. No. 217 at 1-2). Mr. White did not indicate that any information was withheld based on the protective order. (*See id.*).

Based on the record before the Court, there is no indication that any discovery material, including any discovery that may have been produced and marked "attorneys' eyes only" has been withheld from Plaintiff. Rather, as the Court previously observed in denying Plaintiff's motion to reopen discovery, "[t]he evidence before the Court establishes that former counsel conducted extensive discovery related to the cameras at USP Atwater and former counsel … provided *all* materials related to such to Plaintiff." (Doc. No. 219 at 4 (emphasis added)). The simple inclusion of an "attorneys' eyes only" provision in the protective order does not indicate that any material was designated as such when produced, let alone withheld from Plaintiff. In other words, the Court has no reason to find that *any* documents produced by Defendant to Plaintiff's former counsel has been withheld from Plaintiff.

Accordingly, it is **ORDERED**:

Plaintiff's motion to clarify (Doc. No. 220) is DENIED.

Dated:   January 28, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE