UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | No. 1:16-cv-01540-DAD-HBK (PC)<br><br>ORDER REQUIRING THE U.S. DEPARTMENT OF JUSTICE AND ITS AGENCIES TO TRANSPORT PLAINTIFF WILLIAMS AND PRODUCE HIM BEFORE THIS COURT FOR TRIAL COMMENCING ON JUNE 24, 2025 UNTIL ITS CONCLUSION |

Plaintiff Shannon Williams is a federal prisoner proceeding *pro se* and *in forma pauperis* in this Federal Tort Claims Act case now finally proceeding to court trial solely on plaintiff's claim that he was subjected to a battery at the hands of federal correctional officers while incarcerated at USP Atwater back on October 13, 2014.[1]

On April 3, 2024, this case was reassigned to the undersigned. (Doc. No. 162.) Following the close of discovery, law and motion and unsuccessful settlement conferences, a Final Pretrial Order was issued on December 23, 2024 and an amended order issued on December 26, 2024. (Doc. Nos. 204, 206.) Therein a trial confirmation hearing was set for January 14, 2025 and a trial date was set for February 3, 2025, before the undersigned. (*Id*. at 14.) On January 3, 2025, the assigned magistrate judge issued an order and writ of habeas corpus ad

---

[1] Plaintiff is now in the custody of the U.S. Bureau of Prisons at USP McCreary located in Kentucky.

1

testificandum directing the Warden of USP McCreary to produce plaintiff Shannon Williams in the courtroom of the undersigned in Sacramento, California for the bench trial set to commence February 3, 2025. (Doc. No. 216.) At the trial confirmation hearing on January 14, 2025, it became clear that there was a dispute as to plaintiff's transportation to this court for purposes of trial, with the U.S. Bureau of Prisons (BOP) taking the position that it did not transport inmates for court and was not responsible for transportation. The court discussed possible alternatives with the parties at that time, including the possibility of conducting the bench trial of the case by video which plaintiff raised his objection to. Ultimately, the undersigned vacated the February 3, 2025 trial date and continued the trial confirmation hearing to February 10, 2025. In the interim the court consulted with the U.S. Marshal regarding that office's position regarding transportation of plaintiff for purposes of trial and learned that it appeared the Marshal Service would comply with an order that the plaintiff be transported, if: (1) the BOP cooperated in releasing plaintiff to the U.S. Marshal's Service and (2) the BOP paid for the transportation and/or housing of plaintiff in connection with the trial. At that point the court determined that it was inappropriate for it to negotiate a resolution of this internal agency dispute between the various agencies (U.S. Attorney's Office, U.S. Marshal Service and BOP) under the control of the Department of Justice and indicated that it would instead issue this order.

Therefore, the U.S. Department of Justice through its agencies is ordered to produce plaintiff Shannon William in Courtroom 4, of the Robert T. Matsui Federal Courthouse in Sacramento, California on June 24, 2025 at 9:00 a.m. (Pacific Time) for a bench trial in this action, estimated to cover approximately three days. *See* 28 U.S.C. § 2241(c)(5) (authorizing a writ where it is necessary to bring the prisoner into court "for trial"); *see also Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977).[2]

---

[2] The court recognizes that a prisoner does not have an absolute right to be present at his trial in a civil action and that several factors, including the prisoner's need to be present and the court's control of its own docket, must be considered. Here plaintiff is representing himself and has alleged that federal correctional officers committed a battery and severely injured him while he was in BOP custody at an institution located within this district. This case is now over 8 years old and has languished on the court's docket. It has not been disposed of by way of pretrial motions or settlement efforts. The only way it can be resolved is by conducting the scheduled

The court will entertain a motion from defendant properly noticed for hearing no later than May 19, 2025, proposing a specific alternative method by which the bench trial of this dated action could be conducted, including remotely by video or by way of a hybrid video and live proceeding. However, any such motion must be specific, supported by legal authority and filed with sufficient advance notice to allow plaintiff to respond in writing prior to the hearing on the motion.

The Clerk of the Court is directed to serve this order on the parties to this action, the U.S. Marshal's Office of this district and:

>   Mid-Atlantic Regional Office
>   U.S. Bureau of Prisons
>   Attn. Regional Counsel
>   302 Sentinel Drive
>   Annapolis Junction, MD  20701
>
>   Western Regional Office
>   U.S. Bureau of Prisons
>   Attn. Regional Counsel
>   7338 Shoreline Drive
>   Stockton, CA  95219

IT IS SO ORDERED.

Dated:   **February 26, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

bench trial. That trial cannot proceed without plaintiff's involvement because he is not only representing himself but is anticipated to be the primary witness presented in support of his claim. Finally, the court notes that the defendant and BOP have known of this civil action pending in this court since 2016 and it is BOP who elected to nonetheless designate plaintiff to serve his prison sentence across the country at an institution located in Kentucky. That was certainly a decision left to the complete discretion of the BOP, but it does not provide a basis for now arguing that the expense involved in transporting plaintiff back to court for the short trial of this action is prohibitive.

3