UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>           Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | No. 1:16-cv-01540-DAD-HBK (PC)<br><br><u>ORDER DENYING PLAINTIFF'S MOTIONS FOR NEW TRIAL</u><br><br>(Doc. Nos. 252, 253, 254, 255) |

Plaintiff Shannon Williams is a federal prisoner proceeding *pro se* and *in forma pauperis* in this Federal Tort Claims Act action which proceeded to court trial on July 2, 2025, on plaintiff's claim that he was subjected to a battery at the hands of federal correctional officers while incarcerated at USP Atwater.  On July 3, 2025, the court issued its findings of fact and conclusions of law in an oral ruling and directed that judgment be entered in favor of defendant. (Doc. No. 246.)

On July 17, 21, and 25, 2025, plaintiff filed four motions for new trial. (Doc. Nos. 252, 253, 254, 255.)  On August 6, 2025, defendant filed an opposition to plaintiff's motions. (Doc. No. 256.)  On August 22, 2025, plaintiff filed a motion for a "continuance to reply to the government's opposition," explaining that he had only recently received the defendant's opposition to his motions and was still without access to his legal papers.  (Doc. No. 257.)  On September 30, 2025, the court granted plaintiff an extension in which to file a reply, requiring that

1

he do so by October 14, 2025.  (Doc. No. 258.)  That order was served on plaintiff by mail to his address of record, the same institution identified as plaintiff's place of confinement on the BOP's inmate locator website.  That order was not returned to the court by the U.S. Postal Service as undeliverable.  Nonetheless, plaintiff has not filed a reply brief in support of his motions for a new trial and, applying the mailbox rule, the time in which for him to do so has clearly passed.

## LEGAL STANDARD

Rule 59(a) of the Federal Rules of Civil Procedure provides that "[t]he court may, on motion, grant a new trial . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  Fed. R. Civ. P. 59(a)(1)(B).  Rule 59(a)(2) allows that after a bench trial, "the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."  Fed. R. Civ. P. 59(a)(2).  "There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2):  (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence."  *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978); *see also Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 n.4 (9th Cir. 2007).  "A manifest error is one 'that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'"  *Merced v. United States*, No. 3:22-cv-01160-IM, 2025 WL 1451165, at *1 (D. Or. May 21, 2025) (quoting *Error*, Black's Law Dictionary (12th ed. 2024)).  The district court may correct manifest errors of law or fact, but the burden of showing that harmful error exists falls on the party seeking the new trial.  *Malhoit v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1137 (9th Cir. 1984); *see also* 11 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 3d § 2803 (3d. ed. 2024).

"Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment no later than twenty-eight days after the entry of the judgment."  *Garity v. Donahoe*, No. 2:11-cv-01805-RFB-CWH, 2020 WL 1547376, at *2 (D. Nev. Apr. 1, 2020), *aff'd sub nom. Garity v. Brennan*, 845 F. App'x 664 (9th Cir. 2021).  Rule 59(e) "motions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United*

*States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998), (rejecting "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under Rule 59(e)); *see also Goodlow v. Camacho*, No. 3:18-cv-00709-CAB-MDD, 2020 WL 6799381, at *1 (S.D. Cal. Nov. 19, 2020) (noting that parties may not use Rule 59(e) to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment[]") (citation omitted); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (the moving party must show "more than a disagreement with the Court's decision, and [that] recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden"); *Costello v. U.S. Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) ("[C]ourts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment.").

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).  A Rule 59(e) motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (citation omitted), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).

## ANALYSIS

Across his four motions, plaintiff sets out a number of arguments which he argues support his contention that he is entitled to a new trial in this case.  (Doc. Nos. 252, 253, 254, 255.)  For the most part, plaintiff's arguments concern the video recording of the incident at issue admitted into evidence at trial as Exhibit A, the video recording of the incident admitted into evidence as

/////

/////

3

Exhibit GG, and the extent of his injuries suffered as a result of the incident in question.[1]  (*Id.*) The court will address plaintiff's arguments below.

**A.    Exhibit A**

Plaintiff argues that the court committed a manifest error at trial by admitting Exhibit A into evidence.  (Doc. Nos. 252 at 5; 253 at 1–4; 254 at 1–2, 255 at 1.)  He argues that defendant did not establish a foundation for the exhibit's authenticity and the exhibit did not satisfy the best evidence rule.  (*Id.*)

If a motion for new trial is based upon an alleged erroneous evidentiary ruling, a new trial is warranted only if the party was "substantially prejudiced" by that ruling.  *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (citation omitted).  Here, neither party has addressed prejudice in their briefing on the pending motion, but the court could construe plaintiff's argument that "the video [in Exhibit A] had been edited" as an argument that he was prejudiced by its admission into evidence because it did not accurately portray the events at issue in this case.  (Doc. No. 253 at 4.)  As the court addressed in its findings of fact and conclusions of law, there was simply no evidence presented whatsoever that the video recording marked as Exhibit A had been edited, aside from plaintiff's own conclusory testimony claiming that was the case.  The court found plaintiff's testimony in this regard not to be credible.  Further, the video recording marked as Exhibit A was virtually identical to the video recording marked as Exhibit GG, meaning that plaintiff could not have suffered any prejudice as a result of the admission of Exhibit A into evidence given the court having admitted into evidence and considered Exhibit

---

[1] Plaintiff raises two additional arguments in his motions which the court will briefly address. First, he argues that the court failed to "evaluate any of the other enumerated steps when considering whether the officers used excessive force" because "defendant did not offer there [sic] own policy statement . . . to justify the use of force in this case."  (Doc. No. 252 at 2.)  The court is unpersuaded by this argument because defendant did not bear the burden of proof as to plaintiff's claims at trial and therefore was not required to introduce any specific evidence.  Plaintiff also argues that "the court offered no reason as to why it chose not to sanction the defendants" for destruction of evidence.  (Doc. No. 252 at 3); *see also* (Doc. No. 254 at 5) ("Since there was a litigation hold the destruction of evidence was intentional.").  The court did address at trial plaintiff's claim that defendant had engaged in the intentional destruction of evidence and rejected that contention.  In addition, plaintiff has not explained how the court's failure to sanction defendant would entitle him to a new trial.

4

1  GG. *See Strickland v. Washington*, 466 U.S. 668, 696 (1984) (finding no prejudice where the
2  complained error would have had a "trivial effect" on the verdict, given the entirety of the
3  record).

4  Accordingly, the court will reject plaintiff's motions for a new trial to the extent they are
5  predicated on his argument that the court erred in admitting Exhibit A into evidence. *See also*
6  *United States v. Andrade*, No. 20-cr-00249-RS-1, 2025 WL 1755443, at *7 (N.D. Cal. June 25,
7  2025) ("Even assuming some of the evidence was erroneously included or excluded, the defense
8  fails to explain how these evidentiary rulings sufficiently prejudiced Andrade. Therefore, any
9  potential error was harmless.").

10  **B.  Exhibit GG**

11  Next, plaintiff argues that the court committed a manifest error by admitting the video
12  recording marked as Exhibit GG into evidence. (Doc. Nos. 252 at 5; 253 at 5–7; 254 at 2–3, 255
13  at 2–3.) Plaintiff contends that "[d]uring the trial, plaintiff moved to admit ECF 45-2, a video
14  disk made by Lt Vanover that was a copy of the original video that Vanover had previously
15  declared to be an authentic copy of the original video." (Doc. No. 253 at 5.) "The court stated
16  that the video disk recording was not in the federal clerk's office" and "went on to state it had a
17  copy of a video file that had been e-mailed to it by the court's former law clerk in 2019." (*Id.*)
18  "The plaintiff then stated it did not want to admit the court's exhibit." (*Id.*) According to
19  plaintiff, "the court then advised the defense to admit the exhibit." (*Id.* at 6.) Plaintiff argues that
20  "the court cannot advise litigants" and "this was error." (*Id.*); *see also* (Doc. No. 254 at 3)
21  ("Furthermore it was a miscarriage of justice for the trial court to advise the defendants to move
22  to introduce the court's exhibit . . . . The court cannot give legal advice to the defendants it is
23  fundamentally unfair to advise the defendants . . . to introduce the video the court has reviewed in
24  2019."). Plaintiff's description of events with respect to the court playing any sort of advisory
25  role in this trial is entirely inaccurate and will be resoundingly rejected by the court.

26  Plaintiff also argues that admitting the video recording marked as Exhibit GG into
27  evidence was in error because the "clerk of the judge never testified" "about the foundation of its
28  exhibit," (Doc. No. 254 at 3), which would have been necessary to establish the video was "not

5

edited or fabricated, especially after the plaintiff swore under oath the video was edited," (Doc. No. 255 at 3).  Once again, plaintiff's argument is premised on his own inaccurate version of the facts and circumstances.  Not only did Officer Baker testify at trial that the video footage admitted into evidence  was an accurate representation of the events as he perceived them in his interaction with plaintiff on October 13, 2014, but the court also heard ample testimony from Officers Guerrero and VanDenover regarding the camera system in use in plaintiff's cell block at the time in question and the positions and angles of the cameras.  The court found that testimony to be completely credible and that it discredited plaintiff's testimony that there had been some other, "unedited" video that displayed the events differently and captured a view inside of plaintiff's cell.

Accordingly, the court rejects plaintiff's argument that the "court must grant a new trial and revisit the motion for default" due to any purported error in admitting the video recording marked as Exhibit GG.  (Doc. No. 253 at 7.)

**C.      Extent of Plaintiff's Injuries**

Finally, plaintiff argues that "the court never considered the extent of the injury suffered" and "fail[ed] to follow the Supreme Court's 5 step process in evaluation if excessive force was used in this case."  (Doc. No. 252 at 2); *see also* (Doc. No. 254 at 4) ("The trial court committed a manifest error of law when it did not use the 5 step approach outlined in Whitley at 319.").  In opposition, defendant explains that in *Whitley v. Albers*, 475 U.S. 312 (1986), "the Supreme Court held that the shooting of a prisoner during a riot did not violate the prisoner's Eighth Amendment right to be free from cruel and unusual punishments" and noted that "factors such as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to the determination whether the force used was excessive."  (Doc. No. 256 at 5) (citing *Whitley v. Albers*, 475 U.S. at 319–26).  Defendant argues, however, that there is no "mandate that a district court undertake any 'steps' in determining whether use of force during a prison disturbance was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  (Doc. No. 256 at 6.)

In *Whitley v. Albers,* the Supreme Court recognized the relevant factors in determining in the prison context "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." 475 U.S. at 320-21 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. ) (Friendly, J.), *cert. denied sub nom. John v. Johnson*, 414 U.S. 1033 (1973)). Those factors include the need for the application of force, the relationship between the need for force and the amount of force used, the extent of injury inflicted, the officer's intent and the necessity of the use of force. 475 U.S. at 321.

Contrary to plaintiff's assertion, the court did consider these factors, including the extent of plaintiff's injury in this case, in reaching its verdict. The court heard plaintiff's testimony regarding his injury and reviewed the medical evidence submitted, which supported plaintiff's account that he suffered an injury to his bicep as result of the incident in question. Indeed, the court at one point interrupted defendant's closing argument to inquire further as to defendant's position regarding the evidence of plaintiff's injury. Moreover, in rendering its findings of fact and conclusions of law, the court expressed sympathy to plaintiff because it was clear based upon the evidence presented at trial that plaintiff had suffered an injury and he delivered emotional testimony about the impacts of that injury upon him. Nonetheless, the court still concluded in light of the evidence presented at trial, including plaintiff's own testimony in which he conceded that the video evidence virtually rendered his version of events impossible, that plaintiff's injury could not have occurred in the manner plaintiff described in his testimony. Based upon the evidence presented at trial establishing the need for the force used in light of plaintiff's actions and the reasonableness of the force used by correctional officers in response thereto, the court found that plaintiff had failed to bear his burden of proof at trial despite presenting evidence that he was injured during the incident.

Accordingly, the court will also reject plaintiff's motion for new trial as based upon the argument that the court did not adequately consider the extent of his injuries.

/////

/////

/////

7

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's motions for a new trial (Doc. Nos. 252, 253, 254, 255) are DENIED; and

2. This case remains closed.

IT IS SO ORDERED.

Dated:   **October 30, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE