UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHANNON WILLIAMS,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 1:16-cv-01540-DAD-HBK (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND HIS MOTIONS FOR A REPORTER'S TRANSCRIPT OF ALL PROCCEDINGS IN THIS CASE, INCLUDING TRIAL, AT GOVERNMENT EXPENSE

(Doc. Nos. 264, 268, 269)

Plaintiff Shannon Williams is a federal prisoner who proceeded before this court *pro se* and *in forma pauperis* in this Federal Tort Claims Act action. This case proceeded to court trial on July 2, 2025, on plaintiff's claim that he was subjected to a battery at the hands of federal correctional officers while incarcerated at USP Atwater. On July 3, 2025, the court issued its findings of fact and conclusions of law in an oral ruling and directed that judgment be entered in favor of defendant. (Doc. No. 246.)

On July 17, 21, and 25, 2025, plaintiff filed four motions for new trial. (Doc. Nos. 252, 253, 254, 255.) On October 31, 2025, after granting plaintiff an extension of time to file a reply in support of his motions, the undersigned denied the motions for a new trial. (Doc. No. 260.) On January 2, 2026, plaintiff filed a Notice of Appeal. (Doc. No. 262.) Thereafter, on January 5, 2026 – over two months after the court had denied his motions for a new trial, plaintiff filed a motion to "recall orders" pursuant to Federal Rule of Civil Procedure 60 (Doc. No. 264), which

the court construes as motion to reconsider its order denying plaintiff's motions for a new trial. In addition, on January 29, 206, plaintiff filed a motion in this court "for transcripts of all matters in which a transcript was created, including all pretrial transcripts and transcripts of the July 2025 bench trial" at government expense (Doc. No. 268.) Therein, plaintiff states only that his is "not a frivolous appeal." (*Id.*) That same day, plaintiff filed a motion requesting this court to transmit the transcripts in this case to the Court of Appeals. (Doc. No. 269.)

The court will deny plaintiff's motion for reconsideration as to this court's denial of his motion for a new trial. First, as the Ninth Circuit has explained:

> [T]he trial court concluded properly that upon Craig's filing a notice of appeal of the order denying his request for a new trial, it lacked jurisdiction to entertain his motion for reconsideration of that denial. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal")

*United States v. Craig*, 1996 WL 671632, at *3 (9th Cir.1996). Moreover, nothing presented in plaintiff's motion for reconsideration would cause the undersigned to rule differently than it did in denying plaintiff's motions for a new trial.

As to plaintiff's motion for transcripts of all proceedings in this case at government expense, another judge of this court has not long ago addressed a similar request as follows:

> [Petitioner] additionally requests that his "transcript and records" be sent to the Ninth Circuit and appears to request a copy of the court's docket and scheduling deadlines for filing an appeal brief. [Petitioner] notes that he proceeded in his case in forma pauperis.
>
> Requests for transcripts are governed by two separate statutes: 28 U.S.C. § 753(f) and 28 U.S.C. § 1915(c). Pursuant to section 1915(c), there are limited circumstances under which this Court can direct the government's payment of transcripts for a litigant proceeding in forma pauperis. Section 1915(c) provides that "the court may direct payment by the United States of the expenses of . . . printing the record on appeal in any civil or criminal case, if such printing *is required by the appellate court.*" (emphasis added). The Ninth Circuit has not yet informed this Court that printing of the record on appeal is required in this action. Accordingly, [petitioner] is entitled to transcripts provided at the government's expense pursuant to section 753(f), if at all.

/////

> Section 753(f) provides, among other things, that "[f]ees for transcripts furnished in [ ] proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f); *see also Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984) (stating court order directing production of transcript at government expense constitutes implicit finding by Court that appeal presents substantial issue). A claim is frivolous if the plaintiff can make no rational argument in law or facts to support his claim for relief. *See Pembrook v. Wilson*, 370 F.2d 37, 39 (9th Cir. 1966). A substantial question is defined as a legal issue that is "reasonably debatable." *See Randle v. Franklin*, No. CV-08-00845-JAT, 2012 WL 201757, at *2 (E.D. Cal. Jan. 23, 2012). "The district court has the power to order a free transcript furnished if it finds that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented . . ." *United States. v. MacCollom*, 426 U.S. 317, 325 (1976); *see also Gray v. Clark*, No. 1:20-cv-0196 JLT SAB, 2023 WL 2789711, *1 (E.D. Cal. Apr. 5, 2023) (denying motions for transcripts for failure to identify substantial, non-frivolous claims).
>
> [Petitioner's] motions do not indicate which specific transcripts he seeks or to which argument on appeal they would be relevant. Nor does he establish that his appeal presents a substantial question. In his notice of appeal, [petitioner] identifies certain grounds also raised in his motion for a new trial. He questions the composition of the jury and its apparent lack of medical professionals, and he disputes the jury's finding on the first question of the verdict form. For the reasons discussed above, those arguments do not present a substantial question. The Court declines to order the payment of transcripts at government expense based on [petitioner's] non-specific request and his failure to identify a substantial issue.

*Sekona v. Francis*, 1:19-cv-00529-KES-HBK (PC), 2025 WL 53344, at *5 (E.D. Cal. Jan. 8, 2025).

Here, plaintiff does not even identify the issues he wishes to raise on appeal, let alone indicate what specific transcripts would be relevant to consideration of those issues. Plaintiff identifies no substantial issue on appeal, and having presided over this case including at trial, the undersigned can identify none. Accordingly, plaintiff's motion for transcripts at government expense will be denied.

/////

/////

/////

/////

## CONCLUSION

For the reasons explained above:

1. Plaintiff's motion to recall orders, construed a motion for reconsideration of the court's order denying plaintiff's motion for a new trial (Doc. No. 264), is DENIED;
2. Plaintiff's motions for transcripts of proceedings in this case at government expense and to provide those transcripts to the Ninth Circuit Court of Appeals (Doc. Nos. 268, 269), are DENIED
3. This case remains closed.

IT IS SO ORDERED.

Dated: **September 21, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE